No. 6.—HILLIARD J. PARKER, plaintiff in error, *vs.* RACHAEL WALDEN, defendant in error.

[1.] Where P brought suit against W, and proved by several witnesses that W lived with him for the time alleged in the petition, and that her board was worth what was charged, and on this testimony relied for recovery; and where a similar number of witnesses proved for the defendant W,'that her services, the labor of her two small negro boys, the use by P of her horse, stock, oxen and cart, and the consumption by P's family of a certain amount of pork belonging to her, were, together, worth fully as much as her board; and after said suit brought by P, he wrote a letter to W, asking forgiveness for what had been done, promising that if she would forgive and come back, he would stop the suit; and in the same connection inviting her to come back and *live as she had done before;* and a verdict was rendered for P by the Jury: *Held,* that this Court would not interfere with the discretion of the Circuit Judge in granting a new trial.

Attachment, in Newton Superior Court. Motion for a new trial, in Newton Superior Court. Decided by Judge STARKE, March Term, 1854.

This was an attachment, issued at the instance of the plaintiff in error, against the defendant, on an open account, for board, washing and lodging of the defendant, for five years and eleven months, at $100 per annum.

The defendant appeared, and pleaded the general issue and set-off, alleging that the plaintiff was indebted to defendant in the sum of $800 for her own services, and for the service of two negro boys, use of horse, oxen, stock, &c., &c.

On the trial, the plaintiff proved by three witnesses, that the defendant lived with plaintiff during the time alleged, and that her board, lodging, &c. was worth the amount charged.

The defendant then proved by some three or four witnesses, that the services of the defendant, and the labor of the two negro boys, and the use of the cart and oxen, and horse and stock, carried by the defendant with her to the plaintiff's, were worth as much, or more, than the board and lodging, &c. of the defendant. It appeared from the testimony, that plaintiff and defendant bought and used necessaries in common, during the time she lived with him.

The defendant also proved by John M. Benson "that plaintiff told him (witness) that defendant was to live with him as one of the family, and he never expected to charge her any thing."

The defendant also read in evidence the following letter, written after the commencement of the action."

"GEORGIA, NEWTON COUNTY, July 29th, 1853.

*Dear Mother:*

I take the opportunity to write to you; we are all well. * * I want you to come back if you can forgive what has been done. If you will come back, I will stop the suit and let it go no further. If you will come and live as you did before, I will treat you as well as I am able. If you had rather leave one of the boys with Milton I am willing—if you had rather bring them here and hire them out, I am willing. I do not want the boys work, without you had rather keep them at home—all I want is peace and friendship. I am truly sorry for what has past. I beg you to forgive me. * * * If you will not comply with none of these propositions, you must do as you please, and I will do as I can. * * *

H. J. PARKER."

The Jury found a verdict for the plaintiff for $453. Whereupon, Counsel for the defendant moved the Court for a new trial, upon the grounds—

1st. Because the Jury found contrary to Law and the charge of the Court.

2d. Because the Jury found contrary to evidence.

3d. Because the verdict is contrary to and against the evidence, and without any evidence to support it.

The Court sustained the motion, and awarded a new trial; and Counsel for plaintiffs excepted.

W. W. CLARK, for plaintiff in error.

FLOYD, for defendant in error.

Parker *vs.* Walden.

*By the Court.*—STARNES, J. delivering the opinion.

[1.] By three witnesses, the plaintiff in the Court below proved that the defendant lived with him during the time alleged, and that her board, &c. was worth the amount charged. An implied promise to pay was thus raised; and on this he relied for a recovery. By a similar number of witnesses, the defendant proved that her services, and the labor of her two little negro boys; the use of her horse, cart, oxen, stock, &c., by the plaintiff, were worth fully as much as her board. And so far, if the witnesses are equally credible, the testimony would seem very much balanced.

John M. Benson was then introduced by the defendant, and his testimony seems, if credible, to authorize a strong presumption that the defendant was not to pay the plaintiff for her board, inasmuch as the latter said to the witness that he did not expect to charge her. But it was insisted that the testimony of Benson should be received with suspicion, because of his bias—he himself acknowledging that he was unfriendly to the plaintiff.

Let this be conceded, and yet the following considerations and circumstances cause the scales of evidence to preponderate against the plaintiff:

1. The defendant went to the plaintiff's house with her stock, cart, provisions, furniture and little negroes; the pork she carried with her was consumed by the family of plaintiff; her stock used by them; her oxen and cart employed by him paying for the rent of plaintiff's homestead; and the services of herself (who, though aged, is described as of "unsurpassed industry, and almost always at work, carding, washing, &c.") rendered about the premises. All of which seems to show, that the parties made a sort of common account in house-keeping.

2. In the letter of plaintiff, which was in evidence, we find him saying, "if you can forgive what has been done; if you will come back I will stop the suit," &c.

What was it she was asked to forgive? What the wrong

which had been done, and which needed forgiveness? The context furnishes the answer, and shows that that *wrong* was the claim, by suit, of payment for defendant's board: for this is the injury which he promises to redress, if she will forgive and come back. He adds, that he would let the suit go no further, if she would come *and live as she did before.* And this, under the circumstances, seems an additional confirmation of the opinion, that the defendant was before living with him in a way that made a charge for board improper and unjust.

Again: the plaintiff repeats, that he "is truly sorry for what has passed," and begs to be forgiven.

These considerations, in our opinion, might very properly have influenced the Court below to hold, that there was a considerable preponderance of testimony in favor of the defendant; and accordingly, in view of the act of the last Legislature, to have granted a new trial. Especially do they render it proper that we should not control the discretion of the Circuit Judge, who had the witnesses before him, and being more of the vicinage, as it were, could better judge than we of their characters, and the value of their testimony. It has been often said, that for such reasons as those last specified, a reviewing Court should be ever cautious in controlling the Circuit Judge who grants a new trial.

We take occasion to add, that we do not regard the letter of the plaintiff, to which we have referred, as *improperly admitted,* because written by way of a compromise, as was insisted in the argument. It does not bear the character of an instrument by which the plaintiff was endeavoring to buy his peace. It has the impress, indeed, of a just and christian frame of mind, desirous "of peace and friendship," as the plaintiff expresses it; and its whole tenor is creditable to its writer: but it was no offer of compromise, in the legal sense of the term, and was properly admitted as evidence.

Judgment affirmed.