## SCALES *vs.* SHACKLEFORD.

[WARNER, Chief Justice, being engaged in presiding over the senate organized as a court of impeachment, did not sit in this case.]

1. The verdict is supported by enough evidence if no rule of law was violated.
2. Where plaintiff was interrogated on the stand by defendant touching certain admissions made in the presence of certain persons and at a certain time, and did not set up that what he said was in reference and with a view to a compromise of the case, but gave his version of the conversation, the defendant should be allowed to give his version of the same transaction by himself or the witnesses present, and such version of plaintiff's admissions should not be ruled out because made in reference to compromise.

New trial. Evidence. Before Judge ERWIN. Gwinnett Superior Court. March Term, 1879.

To the report contained in the opinion, it is only necessary to add the following:

Plaintiff, on cross-examination, testified as follows in regard to admissions: "Defendant came to see witness about the safe afterwards; it was about sixty days after the sale;

Scales *vs.* Shackleford.

T. W. Sexton, John Arnold and John Flowers were there. Witness did not admit in the presence of the parties in his store at the time Scales came to see him that he stated to defendant there were two keys to the outside door of the safe. Witness did not then admit that he agreed at time of sale to insure defendant a duplicate key to the door of the safe. At that interview witness did not go off up stairs to hunt the key."

In the testimony of Arnold was the following statements: " The conversation was, Scales wanted Shackleford to furnish another key, that the large one was missing. Plaintiff said there were two shelves belonging to the safe; that he' had taken them out and had them in his store; that it would make a difference of fifteen dollars in the value of the safe. Plaintiff did admit that there was one key missing, and the shelves were also. Conversation took place in an attempt to compromise this case. The parties were trying to settle the matter amicably. Scales was insisting on a reduction and compromise." The court ruled out the admissions as being made with a view to a compromise, and this is complained of as error.

T. M. PEEPLES ; H. C. PEEPLES, for plaintiff in error.

No appearance for defendant.

JACKSON, Justice.

This was a suit in the justice court for the value of a safe sold by Shackleford to Scales. The plea was that it did not come up to contract in that two keys were not furnished as agreed, and shelves were wanting.

1. On that question the evidence was conflicting, and as there is enough in the record, we should not interfere with the refusal of the court to grant a new trial, because such is our uniform rule in cases of conflict of evidence. Let the jury and the presiding judge who saw the witnesses and heard the testimony as it fell fresh from the lips of the parties on examination settle such issues.

2. But the plaintiff in error, who was the defendant below, raises another and a legal question. He insists that material legal evidence for him was excluded by the ruling of the court. This evidence was to the effect that the plaintiff admitted in the presence of three men that he was to furnish two keys and certain shelves which were not furnished. The court rejected the evidence because the admissions were made "*with a view to a compromise.*" Code, §3789. We do not see sufficient evidence in the record that they were made with a view to a compromise. They seem rather to be independent statements of truth. If the latter, though made while the parties were trying to settle, they would seem to be admissible.   6 *Ga.*, 213; 13 *Ib.*, 406.

All that the witness says about the compromise is this: "Conversation took place in an attempt to compromise the case." And the party himself, when asked if he did not make the statement, did not object to the question on the ground of compromise or anything of the sort. This was asked with the view of contradicting and impeaching him, and that was his time to object to answer about any admissions then made, if so made.

When the admission was made it was not made as a concession to bring about a settlement, and was not claimed by the party on the trial so to have been made; nor was there any intimation at the time that it was for the sake of having a peaceable settlement of the case, or as our Code declares, "with a view to a compromise." The plaintiff says himself, that "defendant came to see witness about it; it was about sixty days after the sale; T. W. Sexton, John Arnold and John Flowers were there," but he says nothing about a compromise, and does not object to answering, but denies that he made the admissions. Under these facts we think the evidence admissible to attack the plaintiff's evidence, as well as because they were independent admissions, if made at all, and not made to advance or further a settlement. One admission, if true, was quite material, and that was to

the effect that the safe was not worth by fifteen dollars what it would have been worth if complete with both keys, one key being in other hands, and therefore the property unsafe as a safe.

On this ground, the rejection of these admissions, we reverse the judgment, putting our ruling on the ground that they seem not to have been made with a view to a compromise, and that the plaintiff, when interrogated about them, did not pretend that the conversation was about any compromise, but flatly denied the admissions.

Whether, therefore, our rule be broader than the common law rule or not, as said in 48 *Ga.*, 647, we think the facts here make a case where the party plaintiff himself gave to the jury his version of the conversation, and defendant was entitled to do so too, and to strengthen it by other witnesses.

Judgment reversed.