# THE SUPREME COURT

OF THE

# STATE OF CALIFORNIA.

| 62 | 1 |
| 77 | 229 |
| 62 | 1 |
| 89 | 489 |
| 62 | 1 |
| 90 | 5 |
| 62 | 1 |
| 98 | 363 |
| 62 | 1 |
| 100 | 532 |
| 62 | 1 |
| 104 | 553 |
| 62 | 1 |
| 110 | 76 |
| 62 | 1 |
| 124 | 426 |

[No. 8,668.—Department One.]
November 6, 1882.

## CHARLES H. CONDEE ET AL. *v.* HIRAM M. BARTON.

CHANGE OF CONCLUSIONS OF LAW BEFORE ENTRY OF JUDGMENT.—The declaration of the general conclusion of law from the facts found is the rendition of the judgment in so far that when entered the judgment entered may relate to such rendition for certain purposes; but this does not make the conclusions of law first announced final and beyond the reach of the Court so as to preclude the Court from changing the conclusions of law at any time before the judgment is entered.

JUDGMENT, WHEN FINAL.—A judgment is not final until it is recorded.

REAL ESTATE BROKER—COMMISSIONS—ESTOPPEL.—A real estate broker is not estopped from claiming his commissions because the memorandum of agreement between himself and the defendant describes the defendant as owner of the property to be sold.

APPEAL by defendant from judgment of the Superior Court of the County of San Bernardino, and from an order vacating and setting aside the decision and conclusions of law in favor of defendant and thereupon deciding and filing conclusions of law in favor of plaintiffs. ROLFE, J.

Action on contract. The complaint set forth the execution

of an agreement in writing, its performance by plaintiff, and a breach thereof by defendant.

The agreement was as follows :

"Memorandum of agreement made and entered into this twenty-eighth of January, A. D. 1882, by and between H. M. Barton of the first part and Condee & Marshall, parties of the second part, witnesseth that whereas the said party of first part is the owner of two hundred and twenty acres of land in Lugonia district, known as the Barton tract, in San Bernardino County, State of California, together with twenty-two shares of water in Sunnyside division of the North Fork ditch of the Santa Ana River, and is desirous of selling the same through the agency of the said Condee & Marshall.

"Now, therefore, it is hereby agreed between the partier hereto that the said tract of land together with the water rights shall and is hereby placed in the hands of the said Condee & Marshall, as agents for sale, on the following terms, to wit,—the tract is to be platted and mapped and advertised, and sold in such tracts as the said Condee & Marshall shall see fit, and all realized over fifty-five dollars per acre shall be retained by said Condee & Marshall as commission for the sale of said tract of land and water rights, and the said Barton agrees to receive not less than one quarter cash down on each sale made by Condee & Marshall, and upon receipt of said payment the said Barton agrees to execute a bond for a deed allowing the balance, three fourths, to be paid in equal payments of one, and two, and three years, at ten per cent. per annum interest; interest payable semi-annually ; and it is further agreed that the said Condee & Marshall shall have one year from date hereof to affect the sale of said tract of land and water right as above agreed.

"Dated at San Bernardino, January 28, 1882.

"H. M. BARTON,
"CONDEE & MARSHALL."

Defendant's bill of exceptions shows the following facts: In this case, on this third day of July, 1882, the Court signed and filed findings of fact and conclusions of law. The con- clusions of law are in the following words, to wit: "As conclusions of law, the Court decides that the plaintiffs are not

entitled to any judgment against the defendant, but that the defendant should have judgment against plaintiffs for his costs and disbursements in this action expended and incurred."

Immediately upon the announcement by the Court of its decision and the filing of the said findings and conclusions of law, the plaintiffs made their motion, to wit: The Court having filed its findings in this case, plaintiffs move the Court for judgment in their favor on the findings of fact as filed, and to set aside the conclusions of law therein made, and give judgment for plaintiffs as prayed for. Thereupon the Court ordered that entry of judgment be stayed till said motion was heard. Subsequently, on September 4, 1882, upon argument of said motion, and before the Court ruled on it, the defendant objected to its being allowed, on the grounds: 1. That the Court having filed its findings of fact and conclusions of law, and made its decision, that the action of the Court can not be reviewed except upon a motion for a new trial or appeal from the judgment. 2. That the findings of fact do not support a judgment for plaintiffs.

The Court afterwards, on September 5, 1882, made and caused to be filed this order and decision: "In the above-entitled cause, the Court having heretofore filed its findings of fact and conclusions of law, and thereupon the plaintiffs, by their attorney, having moved the Court for judgment in their favor upon the facts as found by the Court, and the same having been fully considered by the Court, it is now ordered that the aforesaid conclusions of law in favor of the defendant be vacated and set aside, and upon the facts so found as aforesaid, the Court decides and finds as conclusions of law, that plaintiffs are entitled to judgment against the defendant for the sum of four thousand four hundred dollars, together with costs of this action. Let judgment be entered accordingly."

Thereupon judgment was entered for plaintiffs. After decision in department, a petition for hearing in bank was presented and denied.

*Satterwhite & Curtis*, for Appellant.

The bill of exceptions shows: After the Court had signed

and filed findings of fact and conclusions of law, or in other words, made its decision, it could not change its conclusions of law or decision except upon a motion for a new trial. Or if the point could not be reviewed on motion for new trial, then the only remedy would be an appeal from the judgment. When the trial is by the Court, the filing of findings of fact and conclusions of law, is the rendition of the judgment. (C. C. P., §§ 632, 633.)

We call the Court's attention to the fact, that no other order for judgment is necessary but the findings and conclusions of law. That is the decision which authorizes judgment to be entered by the Clerk. (C. C. P., § 633.) This talk, therefore, by lawyers or Courts, about the "order for judgment being entered in the minutes," is entirely gratuitous in a case like this. The decision of the Court is the judgment. (*Gray* v. *Palmer*, 28 Cal. 416; *Cal. State Tel. Co.* v. *Patterson*, 1 Nev. 150.)

"The judgment is not always rendered immediately after the rendition of the verdict, or even after the findings of fact by the Judge, because a special verdict may be returned, and in such a case it frequently happens. that what judgment shall be rendered thereon is reserved for argument. So after the facts have been found by the Court, what conclusion of law (judgment) follows may be reserved for argument." (*Gray* v. *Palmer*, 28 Cal. 420.)

When the jury return a general verdict, that is the rendition of the judgment, and the Clerk must enter judgment in conformity thereto within twenty-four hours. (C. C. P., § 664.) A special verdict leaves the rendition of the judgment to the Court. (C. C. P., § 624.) Therefore, we say that when a special verdict is returned, or findings of fact filed, without any conclusions of law, the case is open to the Court to render whatever judgment it believes is correct. But when a general verdict is returned, or findings of fact and conclusions of law are filed, the Court can not vacate or set either aside, except upon a motion for new trial under Code of Civil Procedure, Sections 633, 657. (27 Cal. 688; 38 id. 528; 42 id. 507; 43 id. 452; *Los Angeles Co. Bank* v. *Raynor*, 9 P. C. L. J. 743; 51 Cal. 507.)

*Henry M. Willis* and *C. W. C. Rowell,* for Respondents.

A new trial is a re-examination of an issue of fact. (Code C. P., § 656.) When the facts are found by the Court correctly, why ask for a re-examination of the issues of fact. *Qui bono.* It is urged that Subdivision 7 of Section 657, C. C. P., applies. Such is not my construction. That means such an error of law in the admission or rejection of testimony or giving an instruction as would or might have produced a change in the verdict of the jury or decision of the Court. A change in the facts found or established by proper evidence on trial. (*Gambert* v. *Hart,* 44 Cal. 542; *Martin* v. *Matfield* ,49 id. 42.)

When no errors in the admission or rejection of testimony or instructions given are assigned, and it is conceded the facts are properly found, but the Court at first comes to a wrong conclusion, it is the duty of counsel and proper practice to call the trial Court's attention to its error and have it corrected before final judgment. The trial Court has full control over its records until an appeal is prosecuted to this Court. (*Browner* v. *Davis,* 15 Cal. 9; *Swain* v. *Naglee,* 19 id. 127 ; *Heyeler* v. *Hendsell,* 27 id. 491; *Branger* v. *Chevalier,* 9 id. 172 ; *Leviston* v. *Swan,* 33 id. 480 ; *Estate of Schroeder,* 46 id. 305; *Mulliken* v. *Hull,* 5 id. 245.)

When the findings of fact are defective they may be corrected on motion. (*Pralus* v. *Jefferson G. & S. M. Co.,* 34 id. 558 ; *Hathaway* v. *Ryan,* 35 id. 188 ; *Cowing* v. *Rogers,* 34 id. 648.) If the trial Court can correct an error of fact on its being pointed out, why not an error of law ?

The COURT:

We know of no principle that would estop the plaintiffs from claiming their commission, because the "memorandum of agreement" describes the defendant as owner of the property to be sold.

We can see no objection to the practice of changing the conclusions of law, based upon the finding of facts at any time before judgment is entered. The declaration of the general conclusion of law from the facts found, is the rendition of the judgment in so far, as that, when entered, the

judgment entered may relate to such rendition for certain purposes. But this does not make the conclusions of law first announced final and beyond the reach of the Court. There is no judgment which is final until a judgment is recorded.

Judgment and order affirmed.