## COOPER vs. JONES.*

1. Where J. draws a draft payable to himself or order on C., which is accepted by C., a statutory action thereon by J. against C. will be maintained, although the draft is not indorsed in any manner by J.
2. A letter from the purchaser of goods to the seller thereof, requesting the latter to take back a portion of the same, and another containing an offer to pay the seller fifty cents on the dollar in settlement of his entire demand, there being no existing dispute or controversy between the parties as to the seller's right to have his money or the purchaser's liability to pay it, are not such propositions made with a view to compromise, proof of which is forbidden by the statute, notwithstanding the writer of such letters may therein term his offer an effort to compromise. (Head-notes by the court.)

January 26, 1888.

Drafts. Negotiable. Instruments. Indorsement. Vendor and Purchaser. Before Judge SIMMONS. Houston Superior Court. October Term, 1886

Reported in the decision.

W. C. WINSLOW; M. G. BAYNE, by brief, for plaintiff in error.

H. M. HOLTZCLAW; HARDEMAN & DAVIS, for defendant.

LUMPKIN, Judge.

Paul Jones brought two separate suits in the county court against M. L. Cooper, each being based upon a draft drawn by Jones upon Cooper for $250.00 and accepted by the latter. One of these drafts is in the following words:

"$250.00.       Office of Paul Jones,
                      ATLANTA, GA., February 23, 1881.

"On November 1st, after date, pay to the order of myself two hundred and fifty dollars, value received, and charge to account of
                                          PAUL JONES.

"To M. L. Cooper, Fort Valley, Ga.

"Accepted,        ⁻        M. L. COOPER."

*SIMMONS, J., being disqualified, Judge LUMPKIN, of the Northern circuit, was designated to preside in his stead.

The other draft is in the same words, except that it is made payable January 1st, 1882. Both cases went by appeal to the superior court and were there consolidated and tried together. Defendant pleaded that the consideration of his acceptances of the drafts was certain whiskey sold to him by the plaintiff, which proved to be inferior in quality, and that upon his complaint thereof, the plaintiff, through his agent, one Stine, agreed that defendant might hold the whiskey as a consignment, sell it for what he could, and account to plaintiff only for what he actually received, and that afterwards the unsold portion of the whiskey was burned without fault on the part of the defendant. The testimony was conflicting, and the jury found for the plaintiff. The defendant moved for a new trial, which was refused, and this is the judgment complained of.

1. The first ground of alleged error is, that the court erred in refusing to dismiss plaintiff's action because the drafts sued on were not endorsed. This question is settled by the ruling of this court in 71 *Ga.* 33. The drafts were made payable to the order of Paul Jones, which is the same thing as if payable to himself. By his acceptance, defendant made himself liable to pay Jones, and the action was properly brought in the statutory form.

2. There are other grounds in the motion, but the only one on which plaintiff in error relies is, that the court admitted in testimony certain letters of the defendant to the plaintiff, the objection to their introduction being that they contained offers of compromise.

In one of these letters, dated December 20, 1881, defendant states that he is unable to use two barrels of the whiskey Jones had sold him, expresses his willingness to pay for the balance of the bill, and requests Jones to take back the two barrels he cannot dispose of. This letter also virtually admits the correctness and justice of Jones's demand against him. The other letter was written January 2, 1882. In it defendant again virtually admits the indebtedness to Jones, but complains that on account of

the prohibition law he cannot sell the liquor; states further that he has been burned out; threatens, if Jones persists in his suit, to prefer other creditors; and concludes by saying he is forced to offer a " compromise," and proposes to settle by paying fifty cents on the dollar of the entire debt.

Without laying down here a rule for determining in every case what does constitute " a proposition made with a view to a compromise," evidence of which is forbidden by section 3789 of the code, we are quite clear that nothing contained in these letters amounts to such a proposition. At the time the letters were written, there was no dispute or controversy between Jones and Cooper. The issues made by the defendant's pleas were not presented till years after the dates of these letters, and are entirely inconsistent therewith. If two contending parties are involved in a controversy, each insisting that the other is wrong, and each claiming his rights to be different from what is asserted by the other, and if, for the sake of reaching a settlement, one make a proposition by which he offers to yield some portion of his alleged rights, and asks his adversary to do the like, this might be an effort to compromise which the law would not allow to be proved against him in case the effort failed. But no such circumstances as these attend the writing of these letters, nor do they contain any proposition of the kind just indicated. In one, Cooper simply asks Jones to take back two barrels of whiskey he had bought, and for which he really admits he ought to pay. In the other, while he uses the word " compromise," his offer amounts to no more nor less than a request to Jones to accept one-half of his claim in satisfaction of the whole of it. These are not offers to compromise or adjust a pending dispute with two sides to it. They are simply efforts to modify the terms of an existing contract about which there is then no controversy. If Cooper had insisted he owed Jones less than the latter demanded, asserting reasons why he was entitled to a deduction, and if, in view of their

conflicting claims, he had made an offer to settle for less for the sake of peace and to obtain an amicable adjustment, the question would be a different one; but as it stands, it is free from difficulty, and it is a safe conclusion that the court did right in admitting the letters.

Judgment affirmed.