[No. 15562.  Department One.—November 27, 1894.]

JULIE HERRLICH ET AL., RESPONDENTS, v. MAGGIE
McDONALD, APPELLANT.

ACTION UPON JUDGMENT—STATUTE OF LIMITATIONS.—The statute of limitations against an action upon a judgment does not begin to run until the entry of the judgment, and, notwithstanding the filing of findings and an order for judgment was made more than five years prior to the commencement of the action, the action may be sustained if it appears that the judgment was not entered of record until within five years next preceding the commencement of the action.

ID.—FIDUCIARY DEBT—DISCHARGE IN INSOLVENCY.—A judgment in an action brought to recover money had and received by the defendant as an agent, for the use of the plaintiff, is for the recovery of money held in a fiduciary capacity, and is not discharged by a decree in insolvency in favor of the defendant.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.

The facts are stated in the opinion.

*James G. Maguire,* for Appellant.

*Charles F. Hanlon,* for Respondents.

SEARLS, C.—This action was commenced June 20, 1891, and is based upon a judgment averred to have been duly given and made by the superior court in and for the city and county of San Francisco, in favor of Julie Herrlich and against Maggie McDonald, the defendant herein, on the twenty-fourth day of June, 1886.

It is further averred that an appeal was taken by said defendant from said original judgment to the supreme court of the state of California, where the same was, on the seventh day of September, 1889, affirmed with fifteen per cent damages.

The complaint further avers that the original action was brought to recover for money had and received by defendant from Julie Herrlich, the plaintiff therein, in a fiduciary capacity, etc., and that plaintiff John F.

Hanlon is the assignee of an interest in said original judgment.

The answer of defendant, among other things, denies that the original judgment was entered after November 28, 1881, or that the action was brought to recover money had or received by the defendant in a fiduciary capacity, pleads the statute of limitations, and a discharge from said judgment under the insolvent law of the state of California by a decree duly entered on the twenty-ninth day of January, 1883, etc.

The cause was tried by the court without a jury, written findings filed, and a judgment rendered in favor of plaintiffs, from which judgment and from an order denying her motion for a new trial defendant appeals.

Upon the plea of the statute of limitations interposed by defendant the court below found in favor of plaintiffs. This plea involved the question as to the date of the entry of the judgment upon which the action was brought.

The judgment-roll was introduced in evidence, and showed it to have been entered and recorded in the judgment book on the twenty-fourth day of June, 1886, on which last-mentioned day the judgment-roll was made up, filed, and certified by the clerk as required by sections 668 and 670 of the Code of Civil Procedure.

On behalf of defendant testimony was introduced showing that the findings of the court in the original cause were filed in the superior court November 28, 1881, and that, pursuant to the conclusion of law therein contained that plaintiff was entitled to judgment, the clerk of the court on the same day made in his minute-book the following entry: "This cause having been submitted to the court for consideration and decision, and due consideration being had, it is ordered that judgment be, and the same is, hereby entered for plaintiff for four thousand seven hundred and five dollars and costs, without interest."

In *Crim* v. *Kessing*, 89 Cal. 478, 23 Am. St. Rep. 491, it was said, in discussing the question of the statute of

limitations in a somewhat similar case: "This, however, we think cannot be considered an open question in this state. In *Trenouth* v. *Farrington*, 54 Cal. 273, it was expressly held that the statute of limitations does not begin to run until the entry of the judgment, and in *Condee* v. *Barton*, 62 Cal. 1, it was held that a judgment is not final until it is recorded."

It follows from the rule enunciated in the foregoing cases that the statute of limitations in the present case did not begin to run until June 24, 1886, and, as the action was commenced within five years next thereafter, the bar of the statute cannot be maintained.

The findings of the court are also against defendant upon her defense of a discharge in insolvency.

The judgment-roll which was in evidence is the same one passed upon by this court in *Herrlich* v. *McDonald*, 80 Cal. 472, where it was held that it appeared defendant acted in a fiduciary capacity as an agent of plaintiff, and was not discharged from the judgment therein by the decree in insolvency.

The judgment and order appealed from should be affirmed.

TEMPLE, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

HARRISON, J., GAROUTTE, J., VAN FLEET, J.