### 80.   AUSTIN *v.* LONG.

1. Where one party to a suit offers in evidence a letter which is proved to have been written by the opposing party, and which contains an admission against such opposing party, it is error for the court to exclude it on the objection that its delivery to the party first named has not been shown.
2. The court erred in directing the verdict.

Complaint, from city court of Elberton—Judge Proffitt. February 14, 1906.

Submitted February 11,—Decided February 20, 1907.

*Ira C. VanDuzer, W. D. Tutt Jr.,* for plaintiff.

*Samuel L. Olive,* for defendant.

Powell, J.   F. C. Austin brought suit against Dr. Long, upon the following note:

"$668.37.                                   Elberton, Ga., Nov. 15, 1901.

Five months after date I promise to pay to the order of F. C. Austin Mfg. Co. six hundred and sixty-eight 37/100 dollars, at Bank of Elberton, Elberton, Ga., value received, with interest at six per cent. per annum. Should F. C. Austin Mfg. Co. fail to put in new spider in place of broken one, then this note is void and of no value. I reserve the right to pay off note at any time. This note is given in payment of crusher. [Signed] N. G. Long."

Among other things, the defendant pleaded that the spider referred to in the note had never been furnished. Upon the trial the plaintiff introduced in evidence the note, and offered in evidence the following letter: "Elberton, Ga., Dec. 27, 1901. Mess. F. C. Austin Mfg. Co., Harvey, Ill. Gentlemen:—The last spider seems to be what is necessary, and the crusher is now doing all right if it will only stand. The new heads seem to be all right. . . However, I hope with the new spider the crusher will stand as it seems it will now. Respt. [Signed], N. G. Long." Preliminary to the tender of the letter the plaintiff made formal proof of its execution by the defendant. Upon the tender of the letter, counsel for defendant objected to its introduction in evidence, upon the sole ground that there had been no proof that the same had been received by the plaintiff; and the court sustained this objection. Upon the plaintiff's offering no further evidence the court directed a verdict for the defendant.

1. We see no reason why the very fact of the plaintiff's being in possession of the letter did not prima facie carry the presumption that he had received it from the defendant. Be that as it may, the letter contained an admission against the defendant. An admission of a party, even if not communicated to the opposite party, may be proved. Its probative value is not derived from the circumstance of its having been received by the party benefited, but of its having been made by the party whose interest it contravenes.

2. The verdict directed must be set aside and a new trial had.

*Judgment reversed.*