## 1246.　AUSTIN *v.* LONG.

The admissions which are to be rejected because "made with a view to
a compromise," within the terms of § 5194 of the Civil Code, are those
admissions which are made as a concession to bring about a compromise
or settlement; but independent statements of fact by a party, even
though made while the parties are trying to settle, are not necessarily
inadmissible.　And even if a general proposition of settlement has been
made by one party, the admissions of the opposite party may be ad-
missible if no specific terms of compromise have been suggested; and
the admissions of a party who may desire a settlement are not to be ex-
cluded where, so far as appears from the evidence, the opposite party did
nothing to induce the statement and did not contemplate a compromise
or abatement of his demand.　"There is a distinction between an offer
or proposition to compromise a doubtful or disputed claim, and an offer
to settle upon certain terms a claim that is unquestioned.　An admis-
sion made in an offer of the latter character will be admissible, when
one made in an offer of the former character is not."　A statement
which impliedly acknowledges the right of plaintiff to demand a set-
tlement at the hands of the defendant is admissible in favor of the
former and against the latter.

Complaint, from city court of Elberton—Judge Proffitt.　June
13, 1908.

Submitted July 17, 1908.—Decided February 9, 1909.

*W. D. Tutt,* for plaintiff.　*S. L. Olive,* for defendant.

Russell, J.　On a former hearing of this case (1 *Ga. App.* 258,
57 S. E. 964) the judgment of the trial judge, overruling the mo-
tion for new trial, was reversed because a letter written by the de-
fendant, and coming from the possession of the plaintiff, was
repelled, upon the objection being urged that there was no proof
that the letter had ever been received by the plaintiff.　Upon the
last trial of the case the jury found in favor of the defendant; and
the plaintiff's motion for new trial being overruled, he excepts.
We shall not deal with the general grounds of the motion for new
trial, because we think the court erred in not granting the plain-
tiff a new trial upon the ground in which it is insisted that the court
illegally withheld from the jury, against the demand of the movant,
a letter which the defendant admitted having written.　The letter
offered in evidence is as follows: "Elberton, Georgia.　June 2,
1902.　Messrs. F. C. Austin Manufacturing Co., Harvey, Ill.
Gentlemen: The last head you shipped me has proven a success,
and I propose the following settlement.　Send one note to Bank
of Elberton on July 1st, the other one on September 1st.　My rea-

son for wishing the difference and putting the time a little late is that I have lost so much on account of the crusher breaking down.  Please hurry up the set of concaves, as I need them now." The defendant's objections to the introduction of the letter were "that it contained an offer of compromise; that it was irrelevant; that it proposed a settlement different from the settlement on the face of the note, and was that much in the nature of a compromise."  The court sustained the objections and repelled the letter. The Civil Code, §5194, declares that "admissions or propositions made with a view to a compromise are not proper evidence."  If the letter could be classed as merely a proposition "made with a view to a compromise," it would be inadmissible.  The plaintiff desired to introduce it as evidence of an admission on the part of the defendant that he owed the plaintiff the notes mentioned in the letter.  We think it was clearly admissible for that purpose; and we fail to see that the letter contains any proposition of compromise, within the meaning of that word as construed by the Supreme Court.  There is a wide difference between statements of fact (or statements from which an admission of liability may be inferred), even if made during negotiations for a settlement, when made independently or *without* a view of a compromise, and admissions made *with* a view to a compromise.  The distinction is pointed out by Chief Justice Jackson in *Scales* v. *Shackelford,* 64 *Ga.* 172, and it is there stated that the statement of independent facts, even in a conversation in which a settlement was discussed, are not necessarily admissions made with a view to a compromise and therefore inadmissible.  In *Akers* v. *Kirke,* 91 *Ga.* 590 (18 S. E. 366), Chief Justice Bleckley held that the admission that the defendant's father was trying to borrow the money with which to settle the plaintiff's demand was not inadmissible, because there was no definite agreement upon terms of the settlement.  We do not think, if a debtor were to propose to pay a debt due by him at a different time and place, or even perhaps a different amount than called for by his obligation, that this admission of liability could be excluded, if there was no evidence that the proposition was induced by the creditor, nor any evidence that the creditor was willing to accept the compromise or abate any part of his demand. It does not appear, from the evidence in the record, that at any time prior to the writing of the letter which was offered in evi-

dence and rejected, the plaintiff had suggested any proposition of compromise, or that he was willing to consider a proposition. Admissions with a view to compromise being placed in the same section of the code with those admissions which are excluded because they are "obtained by constraint, or by fraud, or by drunkenness induced for the purpose," it would seem that the legislature had primarily in mind those admissions or propositions which were induced at least by mutual negotiations, if not actually induced by the party claiming the benefit of the admissions. An admission of this kind is probably excluded largely because the party making the statement is often thrown off his guard by the seeming fairness and friendliness of the opposite party, and because statements made at such a time are very likely to be incorrectly understood, and still more incorrectly repeated. But in the present case the letter is admitted to have been written by the defendant, and there could, therefore, be no doubt that the statements therein contained are correctly preserved for transmission to the jury; and the only question is whether the statements therein contained, from which the admission of liability is sought to be inferred, were made with a view to a compromise. It is true that the writer says, "I propose the following settlement." But no settlement is proposed except to pay the notes. It is true that he asks for some additional time on the note now in question; but even that note was past due. And he does not base the request for an extension of time upon the fact that the plaintiff's claim is not a just demand or that he contests it upon any ground. The letter says: "My reason for wishing the difference and putting the time a little late is that I have lost so much on account of the crusher breaking down." This would seem to be a statement rather that the plaintiff was not liable for the crusher breaking down than that the defendant was looking to the plaintiff to recoup him for his loss. Taken as a whole, the letter at least admits that the plaintiff had the right to demand a settlement; and, under the decision in *Teasley* v. *Bradley,* 110 *Ga.* 506 (35 S. E. 782, 78 Am. St. R. 113), such proof is not subject to the objection that it referred to a compromise. The fact that an extension of time was asked, without any demand that the plaintiff's claim be abated or diminished, does not affect the admissibility of the letter, as insisted, by making it "that much in the nature of a compromise;" because, as held in the *Teasley* case,

supra, "there is a distinction between an offer or proposition to compromise a doubtful or disputed claim, and an offer to settle upon certain terms a claim that is unquestioned." In his letter the defendant admitted liability upon the notes, by directing the plaintiff to send them to the Elberton Bank, his offer to settle being conditioned only upon the extension of time, which may be only one of the "terms" of a compromise. As bearing upon the point in question and showing that unless negotiations for a compromise, participated in by both parties, were pending, admissions of indebtedness, resultant from offers to pay the demand (though proposing to pay in a different way from that claimed by the creditor), are not inadmissible, see *Hatcher* v. *Bowen, 74 Ga.* 841 (c); *Cooper* v. *Jones, 79 Ga.* 379 (4 S. E. 916); *Akers* v. *Kirk,* supra. In the *Hatcher* case, supra, it was held that "an offer to pay a debt with a mule, not made pending any negotiations to compromise, was admissible as a direct acknowledgment of the claim." To the same effect is the ruling in *Central R. Co.* v. *Papot,* 59 *Ga.* 343 (5). In the *Cooper* case, supra, although the writer termed his letter an offer to compromise, it was held that "a letter from the purchaser of goods to the seller thereof, requesting the latter to take back a portion of the same, and another containing an offer to pay the seller fifty cents on the dollar in settlement of his entire demand, there being no existing dispute or controversy between the parties as to the seller's right to have the money or the purchaser's liability to pay it, are not such propositions made with a view to compromise, proof of which is forbidden by the statute." In the opinion in the *Cooper* case, Judge Lumpkin, delivering the opinion, says: "If two contending parties are involved in a controversy, each insisting that the other is wrong, and each claiming his rights to be different from what is asserted by the other, and if, for the sake of reaching a settlement, one make a proposition by which he offers to yield some portion of his alleged rights, and asks his adversary to do the like, this might be an effort to compromise which the law would not allow to be proved against him in case the effort failed. . . If Cooper had insisted he owed Jones less than the latter demanded, asserting reasons why he was entitled to a deduction, and if, in view of their conflicting claims, he had made an offer to settle for less for the sake of peace and to obtain an amicable adjustment, the question would be a different.

one; but as it stands, it is free from difficulty, and it is a safe con-
clusion that the court did right in admitting the letters." See,
upon this subject, *Mayor* v. *Howard*, 6 *Ga.* 213; *Parker* v. *Walden*,
16 *Ga.* 27; *Howland* v. *Bartlett*, 86 *Ga.* 669 (12 S. E. 1068).    In
the absence of any evidence that the defendant, prior to the date of
the letter which was rejected, questioned his liability upon the
note if the stipulations therein contained were complied with, and
there being no evidence that he either induced or was taking part
in any negotiations looking to a compromise, the jury had the right
to consider, under proper instructions, the admissions contained in
the offer to settle a claim which was apparently unquestioned pro-
vided only that the terms of payment proposed by the writer (to
wit, that payment be deferred) were complied with.

*Judgment reversed.*