1885.   JENKINS *v.* SOUTHERN BELL TELEPHONE & TELEGRAPH CO.

1. Though the recovery· was very small, it can not be said that a verdict for a larger amount was demanded by the evidence, or that any error of the judge prevented a larger finding.
2. It is possible for a finding of thirty cents to include both nominal and general damages; and in this case no special damage was shown.
3. Evidence offered for the purpose of showing that the plaintiff offered to refrain from bringing the action, if an explanation of the unauthorized removal of his telephone, satisfactory to him, was made (this testimony being offered to support a claim for punitive damages), was properly repelled. The question properly for investigation was the nature and effect of the defendant's act alleged to be tortious, and not the conduct of the plaintiff after the tort was complete.

Action for damages; from city court of Atlanta—Judge Calhoun. April 17, 1909.

Argued June 25, 1909.—Decided February 25, 1910.

This was a suit for damages on account of the alleged wrongful removal of the plaintiff's telephone. He was a subscriber of the telephone company, and was in arrears in November, 1907, in his payments to the company, and was notified by it that unless payment of the amount due was made by November 21, his service would be suspended. On the morning of that day the company's bill against him was handed to a collector; and, after the collector had started on his rounds for the purpose of making collections, the plaintiff appeared at the company's office and paid the bill. The fact of this payment was unknown to the collector when, at about two o'clock of the same day, he reached the plaintiff's home and presented the bill. The plaintiff thereupon told the collector that he had paid his bill; and he made a statement which the col-

lector understood to mean that he desired his telephone removed on November 30. The collector asked him to put in writing his request for the removal. This he declined to do. The collector, in his written report to the company as to this collection, said: "He wants his phone taken out after November 30th; he will not write the company about it." This report went through several hands at the telephone company's office, and when it reached the office of the manager the following order was written on it: "Kil: [Kilpatrick] Order out, subscriber's request." The agent who put this notation on the report of the collector failed to notice the date, November 30, in the report made by the collector, and by reason of this oversight, an order to take out the telephone was given on November 25. It was taken out late in the afternoon of November 26. The plaintiff did not know this until the morning of November 27. He then complained of the removal of the telephone, and immediately, on November 27, it was ordered reinstalled, and was reinstalled that morning between 9:30 and 11:30 o'clock. Such other facts as are necessary to be stated appear in the opinion.

*James L. Key,* for plaintiff.

*McDaniel, Alston & Black,* for defendant.

RUSSELL, J. The plaintiff in error brought a suit for damages against the Southern Bell Telephone and Telegraph Company for $1,999, alleging that in the commission of an inexcusable trespass on his premises and a wilful invasion of his rights, the defendant intentionally, wilfully, and maliciously removed his telephone from his home, thereby working great inconvenience to him and his family. It is further alleged that the suspension of the telephone service, by removing the telephone, was for the purpose of humiliating him and wounding his feelings and sensibilities, and had that effect; he therefore asked also for punitive damages. The jury awarded damages in the sum of thirty cents; and the plaintiff's motion for a new trial being overruled, he brought the case to this court upon writ of error.

1, 2. We have carefully examined the record and find no reason authorizing a reversal of the judgment. It is true that the finding in favor of the plaintiff is exceedingly minute in amount, and yet it sustained (as a matter of principle) his contention that there had been an invasion of his rights. As no special damage

appears from the evidence, the jury could not find special damages. The amount that may be found as general damages is within the discretion of the jury, and may in some cases, as ·in this, be so small as to fall within the denomination of nominal damages. The question as to whether the plaintiff was entitled to recover punitive damages was fairly submitted to the jury by the court, and we can not see, from a review of the evidence, that the finding of the jury is wrong in that they very evidently failed to award exemplary damages. It is very plain that the jury were justified in finding that there were no consciously aggravating circumstances in the act itself, or in the intention with which the telephone was removed. The plaintiff was a subscriber and had a contract for a telephone in his residence. The contract required the payment of the monthly charges in advance. The plaintiff being a traveling man, and frequently out of the city, was in arrears, and had failed to respond to more than one request for the payment of his account. After the collector for the company, who had the statement of the plaintiff's account, and was charged with the duty of presenting claims in person, had started upon his rounds (which was not known to the plaintiff), the plaintiff went to the office of the company and paid his bill to November 30, 1907, and returned to his home. The collector, not knowing that the account had been paid, went to the plaintiff's residence with the bill. It seems that the plaintiff was at the time entertaining some company at dinner, and upon being called to the door and presented with the bill he became very much irritated. There is some dispute as to the degree of heat exhibited by the plaintiff's manner and language (and we can readily see some ground for his irritation, under the circumstances), yet it is perfectly plain that nothing was said or done by the collector which was not within the bounds of propriety. The plaintiff told the collector that if the telephone company was going to act as it had done, he wanted his telephone taken out, or words to that effect, and the collector thereupon, either taking the plaintiff at his word or understanding that it was an order to have his telephone removed, instead of a threat to order it removed, made a memorandum upon the bill, stating that the telephone was ordered out, and returned the bill to the office. This memorandum passed to an agent of the company who had in charge that portion of its business, and shortly afterwards another agent or servant of the company

appeared at the plaintiff's residence and removed the telephone. The evidence of the plaintiff, however, fails to show that the person who removed the telephone did so in an improper manner. On the contrary, it is uncontradicted that this employee rang the door bell and politely inquired where the telephone was. Neither the plaintiff nor his wife was at home. A guest who was visiting the family met the telephone company's employee at the door, and understood from his language that he wanted to use the telephone; consequently she directed him to the telephone and returned to some lady friends she was entertaining. The only thing said by the employee who removed the telephone, so far as appears from the record, was, "Where is the telephone?" And the witness testified that this was said in a polite and gentlemanly manner. After this employee had taken down the telephone, and as he was about to leave the house, having the instrument in his hands, he was again seen by the lady who had met him at the door. Just at this time the visitors were leaving, and it appears that the ladies had some difficulty in opening the door in order to make their exit; thereupon the employee very politely opened the door and thus enabled them to depart, he himself following them with the instrument. It may be that the ladies present were filled with astonishment at seeing the telephone leaving the house, and for that reason were unable to speak or protest, but in any event no objection was raised at the time of removal of the telephone. Certainly there was nothing in the manner of its removal to aggravate damages resultant from the trespass. It thus seems that the report that the plaintiff desired his telephone removed was due to a misunderstanding, that the employee who removed it was sent under a misunderstanding, that he obtained entrance into the house by virtue of another misunderstanding, and perhaps the reason he was permitted so quietly to depart was due to another misunderstanding as to the actual facts in the case, and complete innocence of what had transpired in reference to the checkered career of this telephone.

3. To pursue one step further this comedy of errors (as we think the jury really found, and were authorized to find it to be), the plaintiff had no occasion to use his telephone that night, and did not discover the absence of this inmate of his house until the next morning. After communicating with a number of the officials of the defendant company, by means of a neighbor's tele-

phone, and receiving no explanation which was satisfactory, he went to the office of the company and demanded an explanation. We think the fact that he asked an explanation, and the fact that he was refused an explanation, or any facts going to show that a satisfactory explanation of the removal of his telephone was not given, would be clearly admissible as illustrative of the intention with which the telephone was removed, and as circumstances going to show that the telephone might have been removed for the purpose of humiliating or exasperating him, and thus aggravating the wrong which had been done him. However, all evidence of this kind that was offered was admitted. It is assigned as error, however, that the judge would not permit testimony to the effect that the plaintiff, not being satisfied with any of the explanations made him by the several employees of the company whom he approached upon the subject, offered, if the telephone company could or would make a satisfactory explanation, to accept its explanation and refrain from proceeding against it by law. We think the judge properly excluded this testimony. Any fact which might tend to illustrate what the defendant did, or its intention in the act committed, indeed any circumstance by which its antecedent or contemporaneous intention might be shown (and possibly even whether such facts actually occurred before or after the tort), would be admissible to enable the jury to say whether the circumstances under which the tort was committed were such, either from the nature of the act or from the intention with which it was done, as to aggravate the injury and call for punitive or exemplary damages. But the testimony offered did not relate to acts of the defendant; it related to the acts or sayings of the plaintiff after the tort was completed. No inference that the company had been influenced in its previous act by a desire to humiliate and aggrieve the plaintiff could properly be drawn from the fact that the plaintiff proposed to the company that he would not sue it, if it would make an explanation which he might deem satisfactory, and that the defendant company did not comply with this proposition. If this be true, then the converse of the proposition should be true, and apology would atone for tort. The intention with which the act in question was done would necessarily be derivable from the acts or sayings of the defendant itself; and if the explanation made by the defendant, or its failure to explain (and as to this the testi-

mony was not limited by any adverse ruling of the court), was unsatisfactory *to the jury*, it might suggest the inference that the tort was committed with such circumstances of aggravation in the intention as to warrant the infliction of punitive damages. As we view it, the only possible effect that the testimony rejected could have had would have been to suggest to the jury that the plaintiff had made a fair proposition of settlement and compromise to the defendant, which the defendant ignored or refused to consider. And nothing is better settled than that, except under certain conditions, such as are pointed out in *Scales* v. *Shackelford*, 64 *Ga.* 172, and *Austin* v. *Long, 5 Ga. App.* 551 (63 S. E. 640), evidence as to propositions of compromise is inadmissible.

There was no error in refusing the request to charge; for the reason that all of the principles of law embodied in the request, so far as applicable to the case, are substantially presented in the general charge.

The exception contained in the seventh ground of the motion for a new trial, to the effect that the court did not instruct the jury as to the issues made by the pleadings, can not, as to the matter pointed out by the plaintiff in error, be an advantage to him; because it is apparent, from the fact that there was a recovery in his behalf, that the jury found the allegations in paragraphs 2, 3, and 4 of the petition to be true.                    *Judgment affirmed.*