## 9903.   WILSON *v.* WILDER.

1. The provision of the code that "admissions or propositions made with a view to a compromise are not proper evidence" (Civil Code of 1910, § 5781) does not apply to the testimony in this case as to the defendant's statements to the plaintiff to the effect that he had damaged the plaintiff's piano and that he would pay the full amount of the damage—$100 in a few days and the remainder after finding what the damage would be.
2. There was evidence to authorize the verdict, and the judge of the superior court did not err in overruling the certiorari.

DECIDED NOVEMBER 8, 1918.

Certiorari; from Fulton superior court—Judge Pendleton.   May 19, 1918.

*Munday & Cornwell,* for plaintiff in error.

*Tye, Peeples & Tye,* contra.

WADE, C. J.   The only question presented by the record which requires any discussion is whether or not the trial court erred in admitting in evidence the following testimony: "In response to letter . . he (the defendant) came up and told me (the plaintiff) he had damaged the piano. . . He said he was sorry, and wanted to know what the damage was, and I told him I could not tell at that time. I told him I thought it would be in the neighborhood of a couple of hundred dollars to put the instrument in condition. He said he did not have the money to pay it. I told him to go ahead, and if he would pay part of it, I would figure out what the damage would be—what the actual cost was—and he could pay it along as he could, and he said he would. . . He said it would take two or three days to get this money together. . . and I told him if he would pay $100 at a time and later on, when we found what the amount would be he could pay the balance. . . He was to pay the full amount (of damage to the piano), but at that time I did not know what the full amount would be. . . He said he thought he could pay $100 in a few days, and the balance when he found out what the damage would

be. I told him that would be satisfactory." This evidence was objected to on the ground that it amounted to no more than an admission or proposition made with a view to "compromise" the claim, and was therefore inadmissible under the provisions of section 5781 of the Civil Code, which declares that "admissions or propositions made with a view to a compromise, are not proper evidence."

As we view this testimony, the admission or proposition contained therein and which came from the defendant was not made with a view to a compromise, and therefore was not subject to the objection urged. The evidence objected to fails to disclose any dispute whatever between the litigants as to liability. Neither does the evidence in question directly or indirectly show any agreement or offer by the plaintiff to accept an amount less than the "full damage" to his property. In other words, the plaintiff did not offer to yield any portion of his alleged rights in an effort to adjust the claim, but insisted upon a *full* settlement of the entire damage—no more or no less. Obviously, therefore, under no construction of the testimony complained of can it be said that the admission of liability by the defendant was made with a view to a compromise, since the evidence, narrowed down to its last analysis, merely amounts to an offer on the part of the plaintiff to settle for the "full" damage only, which offer, though accepted by the defendant, was never consummated. While it is true that the plaintiff estimated the damage at $200, he never agreed to accept this amount in full settlement of the claim, as his plain language is that he would only accept a sum that would fully reimburse him for the damage done to his property, which sum would be determined at a later date. No definite amount in settlement of the claim was ever arrived at or agreed upon between the parties. In other words, the damages were never liquidated. Neither were any specific terms of compromise ever suggested. "Even if a general proposition of settlement has been made by one party, the admissions of the opposite party may be admissible if no *specific terms of compromise* [italics ours] have been suggested." *Austin* v. *Long*, 5 *Ga. App.* 551 (63 S. E. 640). So, also, "There is a distinction between an offer or proposition to compromise a *doubtful or disputed claim* [italics ours], and an offer to settle upon certain terms a *claim that is unquestioned* [italics ours].

An admission made in an offer of the latter character will be admissible, when one made in an offer of the former character is not." *Teasley* v. *Bradley*, 110 *Ga.* 506 (35 S. E. 782, 78 Am. St. R. 113). It cannot be said that the claim under consideration was a doubtful or disputed one, since the evidence objected to shows beyond question that the defendant admitted his liability, and accepted plaintiff's offer to settle for the *full* amount of the damage, as soon as liquidated.

As bearing upon the question under discussion and showing that unless negotiations for a compromise, participated in by both parties, were pending, admissions of liability, resultant from an offer to settle the claims in full, are not inadmissible, see *Hatcher* v. *Bowen*, 74 *Ga.* 840 (*c*); *Cooper* v. *Jones*, 79 *Ga.* 379 (4 S. E. 916); *Akers* v. *Kirk*, 91 *Ga.* 590 (18 S. E. 366); *Central R. Co.* v *Papot*, 59 *Ga.* 343 (5). In the *Cooper* case, supra, although the writer termed his letter an offer to compromise, it was held that "a letter from the purchaser of goods to the seller thereof, requesting the latter to take back a portion of the same, and another containing an offer to pay the seller fifty cents on the dollar in settlement of his entire demand, there being no existing dispute or controversy between the parties as to the seller's right to have the money or the purchaser's liability to pay it, are not such propositions made with a view to compromise, proof of which is forbidden by the statute." In the opinion in that case Judge Lumpkin, speaking for the court, says: "If two contending parties are involved in a controversy, each insisting that the other is wrong, and each claiming his rights to be different from what is asserted by the other, and if, for the sake of reaching a settlement, one makes a proposition by which he offers to yield some portion of his alleged rights, and asks his adversary to do the like, this might be an effort to compromise which the law would not allow to be proved against him in case the effort failed. . . If Cooper had insisted he owed Jones less than the latter demanded, asserting reasons why he was entitled to a deduction, and if, in view of their conflicting claims, he had made an offer to settle for less for the sake of peace and to obtain an amicable adjustment, the question would be a different one; but as it stands, it is free from difficulty, and it is a safe conclusion that the court did right in admitting the letters." See in this connection *Mayor &c. of Colum-*

*bus* v. *Howard,* 6 *Ga.* 213; *Parker* v. *Walden,* 16 *Ga.* 27; *Howland* v. *Bartlett,* 86 *Ga.* 669 (12 S. E. 1068).

The evidence objected to not being in its nature an effort to "compromise," but being a clear-cut admission on the part of the defendant of his liability and an agreement to pay the full amount of the damage, when liquidated, the trial court did noot err in deciding in favor of its admissibility.

*Judgment affirmed.  Jenkins and Luke, JJ., concur.*