BLAKELY HARDWOOD LUMBER COMPANY *et al. v.*
REYNOLDS BROTHERS LUMBER COMPANY.

No. 8370.   OCTOBER 15, 1931.

604

*Benton Odom, S. B. Lippitt,* and *S. S. Bennet,* for plaintiffs.

*Thomas H. Milner, Thomas W. Hardwick,* and *Leonard Farkas,* for defendant.

HINES, J.    (After stating the foregoing facts.)

On March 24, 1926, the presiding judge passed a consent order that the defendant should appoint one surveyor, that the plaintiffs Hall and Wingate should appoint another surveyor, and that the judge should appoint a third surveyor, "to mark and define the original land-lot lines in dispute in this case, to wit, the north and south line between lots 208 and 209, and 246 and 247, in the

8th district of Baker County, Georgia." The order further provided that upon the fixing of such lines by the surveyors they should make their report in writing to the court, who should thereupon enter judgment upon the report; and that if a majority of the surveyors so appointed agreed on the original land-lot line, such report should be made the judgment of the court. This order further provided, among other things, that the surveyors should "select as their starting point the point on the north and south line between lots 215 and 240, . . indicated by an old line stump on which are original land-line blazes recognized as such by all the surveyors, as well as by the parties" in this litigation. On the trial of the case the plaintiffs offered in evidence said agreement as a whole, to which the defendant objected upon the ground that said instrument was executed between the parties thereto in an effort to compromise pending litigation, and for that reason could not legally be admitted in evidence. The judge sustained the objection and excluded the paper. The plaintiffs then offered in evidence the recital in said paper that "the surveyors shall select as their starting point the point on the north and south line between lots 215 and 240, . . indicated by an old line stump on which are original land-line blazes recognized as such by all the surveyors, as well as by the parties" to this litigation. A like objection to this recital was sustained. The plaintiffs excepted pendente lite, and they here assign error on these rulings.

Did the judge err in rejecting this evidence upon the ground that it was an admission or proposition made with the view to a compromise? It is true that "admissions or propositions made with a view to a compromise are not proper evidence." Civil Code (1910), § 5781. We think that the evidence offered and rejected does not come within this rule. While "Offers of compromise with the view to settle or prevent litigation, are inadmissible," yet, "an independent acknowledgment of a fact may be received, although made pending a treaty for the amicable adjustment of a controversy." *Mayor &c. of Columbus* v. *Howard*, 6 *Ga.* 213. The statement in the order that the surveyors should select as a starting-point a point on the line in dispute, "indicated by an old line stump on which are original land-line blazes," and that this old line stump with the original land-line blazes was recognized as such by the parties, is not an admission or proposition made with

the view to compromise the litigation. This recital was in no sense a mere concession of the defendant for the sake of making peace and getting rid of the suit. On the contrary it was a statement of an independent fact, made by both parties, fixing the point at which the surveyors should start in an effort to locate the true dividing line between the land on which the plaintiffs claim the right to cut the timber and the land on which the defendant claims the right to cut timber. This recital was a joint admission made by both parties. It worked as much against the plaintiffs as against the defendant. It was in no sense an admission or proposition made by the defendant with the view to a compromise. It was made to facilitate the work of the surveyors in locating the true boundary line between the two tracts of land upon which the parties claim the right to cut the timber. It can in no sense be treated as an admission made in reference to a compromise. *Central R. Co.* v. *Papot,* 59 *Ga.* 342 (5); *Scales* v. *Shackelford,* 64 *Ga.* 170; *Hatcher* v. *Bowen,* 74 *Ga.* 840; *Cooper* v. *Jones,* 79 *Ga.* 379 (2) (4 S. E. 916); *Akers* v. *Kirke,* 91 *Ga.* 590 (3) (18 S. E. 366); *Wilson* v. *Wilder,* 23 *Ga. App.* 30 (97 S. E. 447). So we are of the opinion that the joint statement of the plaintiffs and the defendant in this order, as to the proper point at which the surveyors should start to locate the disputed boundary line between them, was not such an admission or proposition made by the defendant with the view to a compromise as rendered it inadmissible when offered by the plaintiffs. We reverse the rulings of the judge upon this subject.

■ An order passed in term, setting the hearing of a motion for new trial in vacation, in effect keeps the term, relatively to that particular case, open until such motion shall have been decided. *Herz* v. *Frank,* 104 *Ga.* 638 (30 S. E. 797). So where, by an order passed in term, the hearing of a motion for new trial is set for a particular day in vacation, that day, relatively to such motion, is in legal contemplation a continuance of the term at which the order was granted; and if the motion is not, at the time thus fixed, either heard on its merits or dismissed, it must by express written order be continued to some subsequent day, or else it will go over to the next term of the court in which it was made. *A., K. & N. Ry. Co.* v. *Strickland,* 114 *Ga.* 998 (41 S. E. 501). Where a motion for new trial was dismissed at chambers in vaca-

tion on the day when it had been assigned for a hearing, the court was without jurisdiction on a later day and in vacation to entertain a motion to·reinstate. *Hinson* v. *Tanner,* 147 *Ga.* 804 (95 S. E. 687).; *Sheffield* v. *Sheffield,* 148 *Ga.* 466 (97 S. E. 76) ; *Union Banking Co.* v. *Weaver,* 148. *Ga.* 684 (97 S. E. 855) ; *Cross* v. *Stale,* 150 *Ga.* 788 (105 S. E. 307). The same principle is applicable when the hearing of a demurrer is set by order granted in term to be heard in vacation. *Douglas* v. *McCurdy,* 154 *Ga.* 814 (115 S. E. 658) ; *Revels* v. *Kilgo,* 157 *Ga.* 39, 41 (121 S. E. 209). So undoubtedly when a motion for new trial is set to be heard in vacation, it must be heard at the time fixed in such order, or by proper order passed on such day continued for hearing at a future time in vacation; else the hearing will go over to the next term. If the motion for new trial is heard at the time fixed in vacation, and the judge acts upon and decides the motion, and a judgment is rendered sustaining or overruling it, the judge is without jurisdiction thereafter to pass another order either granting or denying such motion. When he finally hears and decides on a motion for new trial and renders final judgment, he is without jurisdiction to take further action reversing the judgment he rendered on the motion. So the important question in this case is, when a motion for new trial is set by proper order to be heard in vacation in a county different from that in which the case was tried, and the judge decides it and signs an order overruling the motion, which order he transmits in a sealed envelope addressed to the clerk of the trial court, is such judgment final until it is received by such clerk and an entry of the judgment is in some form made by such clerk? Does the mere receipt by the clerk of the envelope containing such judgment, which he does not open until the judge has instructed him not to enter such judgment of record, render such judgment a final judgment over which the judge has no further control? It will hardly be contended that when a judge, in pursuance of an order granted in term time setting the hearing of a motion for new trial on a given day in vacation, hears the same on the day named, he is obliged to decide the motion on that day or lose all jurisdiction thereof in vacation. When the judge hears the motion in vacation on the day set, and holds up the motion for further consideration, the term of the court, as to such motion, is extended until the judge finally passes upon the motion

and renders a final judgment either sustaining or overruling the same. So the real question involved in this case is, when is a motion for new trial so set to be heard in vacation under an order granted in term time, and heard on the day set, where the judge holds up the same for further consideration, finally decided by him, so as to deprive him of any further jurisdiction and control thereof? In other words, is the rendition of judgment under the above circumstances still in the breast of the court until entry of judgment?

It has been held by this court that a motion to amend made after a nonsuit is awarded, but not entered, is in time. *Phillips* v. *Brigham,* 26 *Ga.* 617 (71 Am. D. 237). "The right of the plaintiff to amend at any time before the order of nonsuit is entered on the minutes can not be seriously questioned." *Fenn* v. *S. A. L. Ry.,* 120 *Ga.* 664 (48 S. E. 141). So what the judge orally declares is no judgment until it has been put in writing and entered as such. *Freeman* v. *Brown,* 115 *Ga.* 26 (41 S. E. 385). Where upon the hearing the court decided to sustain a demurrer and dismiss the plaintiff's petition, and dictated his decision to the court stenographer, and discharged the jury which had been impaneled to try the case, and took up another case, it was held that if before the stenographer completed transcribing the judgment, and before the court signed it, an amendment to the petition was offered by the plaintiff, such amendment should not have been disallowed on the ground that it was offered too late. *Freeman* v. *Brown,* supra. The plaintiff can dismiss his petition after the introduction of all evidence by both parties, and at any time before judgment has been put in writing and entered as such. *M., D. & S. R. Co.* v. *Leslie,* 148 *Ga.* 524 (97 S. E. 438) ; *Foy* v. *McCrary,* 157 *Ga.* 461 (121 S. E. 804) ; *Black* v. *Black,* 165 *Ga.* 243 (140 S. E. 364). A judgment is not final in the sense that it can not be withdrawn or changed by the court until it has been entered. Broder *v.* Conklin, 98 Cal. 360 (33 Pac. 211) ; Crim *v.* Kessing, 89 Cal. 478 (26 Pac. 1074, 23 Am. St. R. 491) ; Condee *v.* Barton, 62 Cal. 1, 6 ; State *v.* Brown, 31 Wash. 397 (72 Pac. 86, 62 L. R. A. 974). There is no judgment which is final until it is filed and recorded. Condee *v.* Barton, supra; Brady *v.* Burke, 90 Cal. 1, 5 (27 Pac. 52). The trial court can, at any time before its judgment is entered, change his conclusions of law, and order a different

judgment. Condee v. Barton, supra. The opinion and judgment of the presiding judge, given in an oral announcement of such an opinion, or in memorandum entered on its calendar, or in a written form of entry, though signed by him and in the form of a judgment, does not constitute a judgment; and not until the record is made is there any competent evidence of a judgment. Sievertsen v. Paxton-Eckman Chemical Co., 160 Iowa, 662, 672 (133 N. W. 744, 142 N. W. 424). It is only upon entry of a judgment that it passes beyond control of the court. Mayer v. Haggerty, 138 Ind. 628 (38 N. E. 42) ; State v. Brown, Condee v. Barton, supra. It is only where the clerk has either filed or entered the order on the minutes that the same passes beyond the control of the judge. Where the order had only been delivered to the clerk, who had not filed it, and no entry therof was made by him, the court had authority to direct when it should be entered or to direct that it should not be entered at all. State v. Brown, supra. So we are of the opinion that the order of the judge passed on January 27, 1931, remained in the breast of the court until it was received by the clerk and filed or entered of record; and that until this was done the trial judge could withdraw the same, and enter an order granting the motion for new trial. Under the facts in the record, the trial judge was not without jurisdiction to withdraw the above order, and to render judgment granting a new trial.

■ No elaboration of the third headnote is necessary. The rulings of the court on the admission of evidence, to which the plaintiffs excepted pendente lite, are reversed. The judgment granting a new trial is *Affirmed.* *All the Justices concur.*