THOMASON, assignee, *vs.* WADE *et al.*

It is the payment of the money by a surety or indorser which gives him
   the right to control the execution, and reimburse himself from his
   principal. The entry upon the *fi. fa.* gives him the right to control
   the *fi. fa.* over any objections of the original plaintiff; but where
   the latter permits him to have the execution levied on the prop-
   erty of the maker or principal defendant for his own benefit, a
   claimant of property so levied on can make no objection.
(*a.*) It having been discovered that there was no entry on the *fi. fa.*
   showing its payment by the indorser, pending a claim case arising
   under a levy made for the benefit of such indorser, the attorney for
   the plaintiff in *fi. fa.* could then make the entry. Nor was this an
   amendment of the writ or levy which would work a dismissal of
   the latter.

February 2, 1384.

Principal and Surety. Indorsers. Executions. Claims.
Debtor and Creditor. Before Judge HAMMOND. Fulton
Superior Court. April Term, 1883.

Reported in the decision.

COLLIER & COLLIER, for plaintiff in error.

N. J. HAMMOND, by B. F. ABBOTT, for defendant.

BLANDFORD, Justice.

In 1860, Lewis Wright obtained a judgment in Fulton
superior court against Benjamin P. Davis and Daniel
Crews, as makers, and John Thomason, as indorser; a writ
of execution issued upon this judgment, and the same was
levied, for the use of Thomason, the indorser, upon certain
lands as the property of the makers, the defendants, to
which property, so levied on, Davis Wade interposed his
claim. On the trial of the claim case, claimant moved to
dismiss said levy, upon the ground that it did not appear
that Thomason, the indorser, had paid the same, and there
was no entry on the execution to that effect. Plaintiff

proved that Thomason, the indorser, had paid the princi-
pal, interest and costs due on said execution to Ezzard &
Collier, the plaintiff's attorneys, in 1863, and thereupon
Mr. Collier, one of the firm of Ezzard & Collier, then and
there entered a receipt on said execution for the principal,
interest and costs as received from Thomason in 1863.
The court then sustained said motion, and dismissed said
levy, and of this ruling Thomason complains, and this is
the error assigned.

The Code, §2171. provides that indorsers who pay off a
judgment shall have control of the same as securities are
allowed by §2167 of the Code, and by this latter section
a security who pays off a judgment, by entering such pay-
ment on the execution by the plaintiff's attorney, or other
collecting officer, may control the same to the same extent
and shall be subrogated to all the rights of the plaintiff in
execution.

It is the payment of the money by the surety or indorser
that gives the right to control the execution. The entry upon
the *fi. fa.*, as provided for, gives the right to the surety or
indorser to control the *fi. fa.*, over any objections of the
original plaintiff; but where the original plaintiff permits
a surety or indorser to have the execution levied on the
property of the makers or principal defendants for the
benefit of an indorser, defendant, the claimant to such
property levied on, can make no objection on this account;
it is no business of his who controls the *fi. fa.*, and the pay-
ment by the security or indorser does not extinguish the
judgment as to the principal defendants, and the question
as to who shall control the *fi. fa.* is between the plaintiff
and the indorser or security; it is a matter with which the
claimant has nothing to do. But in this case, when the entry
was made on the execution by the attorney for the plain-
tiff in execution, the statute was literally complied with;
it was no amendment of the writ or levy, and the court
erred in dismissing the levy.

Judgment reversed.