## BASS *vs.* BASS.

[This case was argued at the last term, and the decision reserved. Blanford, Justice, did not preside.]

A bill was filed for the construction of a will and to obtain an accounting thereunder from the executor. The defendant filed a demurrer and a plea of settlement. The bill was amended, alleging that the settlement was procured by fraud, duress and surprise, and that advantage was taken of the situation of complainant and the confidence she had in the executor, growing out of their relations to each other, to obtain the probate of the will in solemn form; that the testator considered the will inoperative; and praying an accounting against the executor as such, individually and as trustee. The defendant insisted on the plea and demurrer previously filed, and also demurred to other matters contained in the amendment, and filed an answer denying all charges of fraud, undue influence, etc. At the hearing, the chancellor rendered the following judgment:

"Defendant having withdrawn his plea and demurrers, except the demurrer to the original and amended bill, which is amended to read as follows: 'Defendant demurs to so much of the said original bill as claims that, by reason of the failure of Robert L. Bass to leave any child, or children, living at his death, or having any issue born of their said marriage, that the entire estate of said testator, real and personal, became the property of complainant, Margaret A. Bass, under a proper legal construction of said will, and defendant prays the judgment of the court, etc.;' and it being agreed by counsel for complainant, that if the court sustained said demurrer, the bill should be dismissed, complainant reserving the right to file a bill of exceptions upon the ruling of the court in sustaining the demurrer, but not as to the dismissal of the bill, if the judgment sustaining the demurrer should be affirmed by the Supreme Court, and the defendant consented to the same;—argument was heard; whereupon, after considering the same, it is

ordered and adjudged that said demurrer be, and the same is hereby, sustained; and it is further ordered that said bill be dismissed:"

*Held,* that the case is prematurely before this court. The parties cannot confer jurisdiction upon the Supreme Court by agreement, for the purpose of testing certain questions involved in their case, and the writ of error must be dismissed. Code, §4250; Zorn, Jr., trustee, *vs.* Lamar *et al.* (last term).

(*a.*) This case differs from that in 68 *Ga.,* 182, 184.

(*b.*) On account of the uncertainty and conditional character of the agreement in this case, the writ of error is dismissed, with directions that so much of the decree as dismisses the bill be set aside, and that complainant, as she shall be advised, have liberty either to file a bill of exceptions *pendente lite* to so much of the decree as sustains the demurrer, or to have the questions raised thereby considered on the trial of the other issues in the case; and in the event that the issue formed upon the validity of the settlement of her interest in the estate be found in her favor, that she then be at liberty to take such steps and institute such proceedings as she may be advised are proper and legal to set aside the probate of the will in solemn form and *caveat* the will itself.

(*c.*) When fairly made, courts always favor the compromise of doubtful rights, especially when they settle family disputes, and they are binding, notwithstanding it may eventually turn out that the point of law was in favor of the party complaining, and that, had he not entered into the same, he would have been more largely benefited. Even a fraud may be compromised, provided the party had knowledge of its existence, and entered into the arrangement to have his rights springing from or growing out of it settled. But a compromise effected by fraud, imposition, breach of confidence, duress, surprise or mistake is invalid, and will be set aside. 12 Ga., 121, 124; 36 *Id.,* 630, 631; 54 *Id.,* 334, 350; 32 *Id.,* 181, 189; 29 *Id.,* 40; 32 *Id.,* 173; 41 *Id.,* 273

Writ of error dismissed with directions.

HALL, Justice.

JACKSON, C. J., concurring.

This court rules nothing save that the case is prematurely brought here. If the jurisdiction of the Supreme Court depends upon the judgment dismissing the whole case, it was apparently done by consent; and had the ruling been made as desired by the plaintiff in error, it would not have been a final disposition of the case. Because, however, of the confused agreement, the difficulty of arriving at its meaning, and the injustice which would be done to the plaintiff in error in not having the right to review a judgment, which her opponent had agreed she should have, the usual affirmance of the judgment below, which follows from the dismissal of

the writ of error, will not be allowed in this case; but the case will be re-instated; the issue made by this demurrer will be allowed to be made again; or an interlocutory, or *pendente lite,* bill of exceptions will be allowed and entered of record, for review here, when the case properly gets here; or the judgment of the ordinary, which admitted the will to probate, may be assailed and set aside in that court or this court of equity, if such course be deemed advisable, and if it can be done upon legal or equitable grounds.

May 13, 1884.