WHIDDON, administrator, *v.* SALTER.

LUMPKIN, J.  1.  Where to the probate of a will a caveat was interposed, which set up that the testatrix did not have testamentary capacity, and in connection therewith alleged that the will was unreasonable in that it gave to persons other than the husband of the testatrix, who was the caveator, a large part of the estate, it was competent to show the value of the estate left by the decedent, and of the land devised by the will, a part of which was left to the husband for life, with a remainder over.

(*a*) In connection with the question of the reasonableness or unreasonableness of the will, it was competent to show the value of certain personal property as to which no disposition was made, the husband and caveator being the sole heir of the testatrix.

2.  The ninth ground of the motion for a new trial, which complains of the admitting in evidence of the opinions of certain named witnesses as to the sanity of the testatrix, fails to show that objection was made to the evidence when offered or the grounds thereof.  It is not sufficient to allege that the movant "contends" that the witnesses testified to no facts upon which they could base an opinion as non-experts, and "the admission of the testimony of said witnesses being error because the opinion of these witnesses are inadmissible," etc.  Such language as to the contention when the motion for a new trial was made does not show that objection was made to the evidence when offered, on the ground stated, or on any other ground.

3.  It is doubtful whether the exact form of statement of a witness, "from what I saw of her before she made the will, I think my wife was incapable, on the 19th day of May, 1911, of making an intelligent disposition of her property by will," was admissible over objection.  3 Chamberlayne's Mod. Law of Ev. § 1899; 3 Wig. Ev. § 1958.  But if this statement was admissible, in view of the testimony of the same witness which was admitted, giving his opinion as to the mental condition of the testatrix, and in view of the entire evidence, the exclusion of the statement will not require a new trial.

4.  The verdict was supported by the evidence, and there was no error in overruling the motion for a new trial.

*Judgment affirmed.   All the Justices concur, except Fish, C. J., absent.*

SEPTEMBER 15, 1915.

Probate of will.  Before Judge Rawlings.  Washington supe-
rior court.  July 30, 1914.

*Evans & Evans,* for plaintiff in error.

*Hines & Jordan, M. L. Gross,* and *Hardwick & Wright,* contra.