## FOY *v.* MCCRARY.

ATKINSON, J.   1. An oral announcement by the judge of the superior court, sustaining a demurrer to a plea, does not become a judgment of the court until reduced to writing and signed by the judge. *Lytle* v. *De-Vaughn*, 81 *Ga.* 226 (7 S. E. 281); *Freeman* v. *Brown*, 115 *Ga.* 23 (41 S. E. 385); *Cureton* v. *Cureton*, 120 *Ga.* 559, 566 (48 S. E. 162); *Alexander* v. *Chipstead*, 152 *Ga.* 851, 861 (111 S. E. 552); *Macon, Dublin & Savannah Railroad Co.* v. *Leslie*, 148 *Ga.* 524 (97 S. E. 438); *Swilley* v. *Hooker*, 126 *Ga.* 353 (2) (55 S. E. 31). The refusal of the judge at a succeeding term to enter a written judgment nunc pro tunc, conformably to the oral announcement previously rendered, will not be reversed.

2. In a statutory proceeding for summary eviction of a tenant the defendant may repel the charge that he is a tenant, by proving, under his plea by counter-affidavit, that the effect of the transaction between himself and the alleged landlord as performed by the defendant is to constitute such defendant the owner of the land. When, on the trial of the issue so formed, the question of title is actually decided by the superior court, the judgment therein rendered may be pleaded in estop-

pel to an action of ejectment between the same parties or their privies. *Garrick* v. *Tidwell,* 151 *Ga.* 294 (106 S. E. 551); *Allen* v. *Allen,* 154 *Ga.* 581 (115 S. E. 17).

3. Where, after trial of a case based on summary proceedings of the character mentioned in the preceding note, the grantee of the alleged tenant sued the alleged landlord in ejectment to recover the land, and on the trial of the ejectment suit the former judgment in the dispossessory case was pleaded in the original answer as an estoppel, it was not erroneous, at the conclusion of the evidence on both sides, to allow, over the objection that it came too late, an amendment to that part of the answer that set up estoppel applicable to evidence that was introduced, alleging more specifically matters that were injected in the dispossessory case to show that the alleged tenant was owner of the land, and that the issue as to all such matters was determined adversely to the alleged tenant. Civil Code (1910), §§ 5640, 5681; *National Bank of Augusta* v. *Southern Porcelain Mfg. Co.,* 59 *Ga.* 157; *Walden* v. *Walden,* 128 *Ga.* 126 (6) (57 S. E. 323); *Hill* v. *Cox,* 151 *Ga.* 599 (2) (107 S. E. 850).

4. On the trial of the ejectment suit the parties relied on deeds from the alleged tenant in the dispossessory case. The deed of the plaintiff was junior and taken with notice of the deed to the defendant. The latter deed was attacked on various grounds, but the uncontradicted evidence showed that all the grounds of attack were made in the dispossessory proceeding and decided adversely to the plaintiff's grantor. *Held,* that the evidence demanded a verdict for the defendant, and the judge did not err in refusing the plaintiff's motion for a new trial.

*Judgment affirmed. All the Justices concur.*

No. 3729. FEBRUARY 13, 1924.

Ejectment. Before Judge Munro. Taylor superior court. January 26, 1923.

John Doe on the demise (1) of C. W. Foy (2) of Willie Corbin brought to the March term, 1921, of the superior court of Taylor County an action of ejectment against Richard Roe, casual ejector, H. H. Riley, tenant in possession, and R. E. McCrary, real claimant. R. E. McCrary filed a plea of not guilty, to which he added other paragraphs substantially as follows: (2) On November 13, 1913, defendant made a loan of approximately $529 to plaintiff's lessor, Corbin, from whom he received promissory notes for $275 and $300 respectively, including principal and interest, and a security deed to the land in dispute. A bond for title was duly executed. Corbin transferred the bond for title to R. A. Scandrett, as security for another loan. The first note to defendant was paid at maturity. On or about February 1, 1915, before the second note was due, Corbin proposed to sell the entire title to the land to defendant, in consideration of discharge of the second note

and payment of the Scandrett debt and a certain amount owed by Corbin to the Butler Banking Company, aggregating about $1000. Defendant accepted the proposition and complied with its terms. The agreement was not reduced to writing, because the clerk of the superior court advised defendant and Corbin that it would only be necessary to have a transfer of the bond for title from Scandrett to perfect defendant's title. After this was done Corbin rented the land from defendant for the year 1915. In this manner defendant acquired fee-simple title to the land. • (3) In the fall of 1915 defendant procured a dispossessory warrant against Corbin, for failure to pay rent. A general counter-affidavit was filed. The trial of the issue, at the April term, 1917, of the superior court, resulted in a judgment against Corbin. The judgment was affirmed by the Court of Appeals, and a certiorari from the judgment of affirmance was denied by the Supreme Court. The judgment is conclusive of the proposition that the title to the land has devolved from Corbin to this defendant. (4) The plaintiff's lessor, Foy, claims under a deed from Corbin, and that deed was received by Foy without consideration and with full knowledge of defendant's title and for the purpose of defeating his rights in the property.

The plea was not verified by affidavit of the defendant. At the October term, 1921, the judge orally sustained a demurrer to paragraph 3 of the foregoing answer, but did not enter any order to that effect. When the case came on for trial at the October term, 1922, the court refused the plaintiff's motion to sign, and cause to be entered on the minutes of the court, an order nunc pro tunc sustaining the demurrer. The plaintiff excepted pendente lite to this ruling. The court then allowed the defendant, over plaintiff's objection that it came too late, to amend his answer by swearing to it. The plaintiff excepted to this order pendente lite. At the close of the evidence for both sides the defendant tendered an amendment to paragraph 3 of the answer, alleging substantially as follows: The plaintiff Foy, as an attorney at law, represented plaintiff Corbin throughout the litigation in the dispossessory proceeding, and received the deed under which he now claims on January 13, 1916, after the warrant had been filed and served and the counter-affidavit had been made, and the deed was in his possession at the time of the trial. While the counter-affidavit was

general, three distinct issues were injected in the case by Corbin through his attorney, Foy, viz.: (*a*) That Corbin owned the land, and had not sold it to McCrary and the latter had not paid him for it. (*b*) That McCrary had simply made a loan to him, and that all the contracts were usurious. (*c*) That at the time of the deed as well as the alleged parol sale Corbin was a minor. Numerous witnesses were sworn by both parties on all the issues made, and all the documentary evidence necessary to sustain this defendant's title, and the verdict in favor of defendant necessarily embodied the finding that he owned the land. The plaintiff Foy, by reason of his privity of relation and by knowledge and participation in the litigation, is bound and estopped by the judgment in that case from proceeding for a recovery in the present case.

This amendment was allowed over the objection that defendant could not amend his plea after the first term, no amendment having been made to the petition. The plaintiff excepted pendente lite to the allowance of the amendment. After allowance of the last amendment to the answer the judge directed a verdict for the defendant, and judgment was duly entered thereon. The plaintiff made a motion for a new trial, which was overruled. The plaintiff excepted, and assigned error also on the several exceptions pendente lite.

*W. E. Steed, C. W. Foy,* and *Homer Beeland,* for plaintiff.
*Jule Felton* and *Montfort & Robinson,* for defendant.