19483. Construction & General Laborers Union, Local No. 246, *et al. v.* Williams Construction Company.

Hawkins, Justice. Williams Construction Company filed an action in Muscogee Superior Court, seeking an injunction against picketing by certain labor unions. Defendant unions filed a general demurrer, and the bill of exceptions recites that the trial judge "orally, then and there, overruled said demurrer upon each and every ground." After a hearing a temporary restraining order was granted against picketing. The exception is to these judgments, but counsel for the plaintiffs in error have expressly abandoned the exception to the grant of a temporary restraining order against picketing, and "elect to rely upon grounds one and two of their general demurrer." The record contains no judgment in writing, entered prior to the certification of the bill of exceptions, overruling the demurrer to the petition, and the clerk of the trial court, in response to an order of this court, certifies that no such judgment in writing was entered prior to the certification of the bill of exceptions. *Held:*

1. "What the judge orally declares is no judgment until it has been put in writing and entered as such." Since no judgment in writing overruling the demurrer to the petition was entered, the exception to the oral announcement of the trial judge presents no question for decision by this court, and the bill of exceptions must be dismissed. *McRae* v. *Smith,* 164 *Ga.* 23 (7) (137 S. E. 390); *Pulliam* v. *Jenkins,* 157 *Ga.* 18, 22 (121 S. E. 679); *Foy* v. *McCrary,* 157 *Ga.* 461 (121 S. E. 804); *Blakely Hardwood Lumber Co.* v. *Reynolds Brothers Lumber Co.,* 173 *Ga.* 602, 609 (160 S. E. 775); *Hutcheson* v. *Hutcheson,* 197 *Ga.* 603 (30 S. E. 2d 107); *Hillcrest Memorial Park* v. *Heath,* 85 *Ga. App.* 441 (1) (69 S. E. 2d 643).

2. Since the bill of exceptions in this case, complaining of an oral announcement of a judgment on demurrer by the trial judge, was certified on August 13, 1956, and was filed in this court on August 16, 1956, what purports to be a written judgment entered nunc pro tunc as of July 12, 1956, on October 25, 1956, cannot be considered by this court, since there is no exception thereto in this bill of exceptions.

3. Since the bill of exceptions must be dismissed for the reason stated above, it is unnecessary to pass on the motion to dismiss for lack of sufficient parties, or on the motion to make additional parties defendant in error.

*Writ of error dismissed. All the Justices concur, except Wyatt, P. J., not participating.*

Argued October 8, 1956—Decided November 13, 1956.

692

*Robert L. Mitchell,* for plaintiff in error.
*Lee H. Henkel, Jr., Swift, Pease, Davidson & Chapman,* contra.