22540.   SEABOLT v. SEABOLT.

Argued June 8, 1964—Decided July 10, 1964.

*Ham & Hampton,* for plaintiff in error.

*Herbert Edmondson,* contra.

Almand, Justice.   W. J. Seabolt, the plaintiff in error, brought an equitable petition in the Superior Court of White County wherein he alleged that he was the owner of certain lands in White County and that the defendant in error, Fannie D. Seabolt, was trespassing on these lands.   He prayed that the defendant be temporarily restrained and permanently enjoined from trespassing on the property.   A temporary restraining order was granted.   In her answer the defendant claimed title to the land which the plaintiff alleged was his and prayed that title be vested in her.   The defendant also asked for damages in the amount of $1,200 which she alleged was the reasonable rental value of the property for the period during which she was ousted.   At a pretrial hearing a motion was made to treat a letter written by defendant's counsel as a written agreement between the parties. The court refused to treat the letter as a written agreement.   The case proceeded to trial and the jury returned a verdict finding that title to the land was in the defendant and that the defendant was entitled to $800 damages for the wrongful ouster by the plaintiff.   The plaintiff's motion for a new trial was overruled. Error is assigned on the overruling of the motion for a new trial and the refusal of the court to treat the letter written by defendant's counsel as a written agreement between the parties.

1.   The assignment of error on the overruling of the motion to treat the letter written by defendant's counsel as a written agreement between the parties cannot be considered here.   The record does not contain a judgment in writing overruling the motion.   In the absence of a judgment in writing no question for decision is presented to this court.   *Construction & General Laborers Union v. Williams Const. Co.,* 212 Ga. 691 (95 SE2d 281).

2. The motion for new trial consists of the general grounds and 10 special grounds.

(a) The general grounds are without merit. Though the evidence was in conflict the verdict is supported by the evidence.

(b) None of the special grounds can be considered because they were not properly raised.

In ground 4 error is assigned on the refusal of the court to allow counsel for the defendant to be called for purposes of cross examination by the plaintiff. It is stated that the plaintiff "sought to show" that the original petition for injunction had not been answered. A ground stating that the plaintiff "sought to show" certain things is not sufficient. *Smith v. Smith,* 133 Ga. 170 (65 SE 414).

In ground 5 it is stated "The movant contends that the court erred in permitting the defendant to testify as to the contents" of a certain conversation. This is not a sufficient assignment of error. A statement that the movant "contends" is not sufficient, where it does not show on what ground objection was made to the evidence when offered. *Whiddon v. Salter,* 144 Ga. 77 (2) (86 SE 243).

In ground 6 it is asserted that the court erred in refusing to direct a verdict for the plaintiff. This contention is without merit. It is well settled by innumerable decisions of this court that the refusal to direct a verdict is not error. See *Code Ann.* § 110-104 and cases there cited under the catchword "Refusal."

In ground 7 it is asserted that the court erred in denying the motion to enforce a written agreement between counsel. This ground cannot be considered for the reasons stated in Division 1 of this opinion.

In grounds 8 through 13 it is asserted that the court erred in admitting certain evidence. The record does not disclose what objection was made to the evidence at the time it was offered. "In order to properly present for decision by the Supreme Court the question whether or not error was committed in admitting given evidence, it must appear that objection was made to it and passed upon by the court at the time it was offered, and also what the objection was." *Cooper v. Chamblee,* 114 Ga. 116 (39 SE 917). Therefore these grounds cannot be considered.

*Judgment affirmed. All the Justices concur.*