## 43621. OLIVET v. THE STATE.

QUILLIAN, Judge. Wayne Olivet appealed from a judgment of conviction and sentence for the crime of wife beating. The sentence was entered upon the defendant's plea of guilty in the Criminal Court of Gwinnett County. Subsequently, the defendant filed what he denominated a motion for new trial and arrest of verdict and judgment based on the following grounds: that he had denied the charge of wife beating and was denied the right of counsel, the right of trial by jury, the right of reasonable bail, and that he was misled in entering his plea. In support of this motion and attached thereto as exhibits were two affidavits.

The appellee moves to dismiss the appeal on the ground that it is premature since the record reveals that no judgment was entered upon this motion. The appellant in his enumeration of error recites that he orally requested that he be allowed to withdraw the plea of guilty (which was later reduced to the written motion for new trial) and that the request was orally denied. The record contains no judgment or ruling on the motion. *Held:*

1. What the judge orally declares is no judgment until it has been put in writing and entered as such. In the absence of a judgment in writing no question for decision is presented to the appellate court. *Construction & Genl. Laborers Union v. Williams Const. Co.,* 212 Ga. 691 (95 SE2d 281); *Williams v. City of LaGrange,* 213 Ga. 241 (98 SE2d 617); *Mid-State &c. Corp. v. Wiggins,* 217 Ga. 372 (122 SE2d 106); *Seabolt v. Seabolt,* 220 Ga. 181 (137 SE2d 642).

The sentence, based on the defendant's plea of guilty, was on its face valid and binding unless the plea was withdrawn or otherwise set aside as provided by law. *Kinman v. Clark,* 185 Ga. 328, 330 (195 SE 166). The defendant's motion attempted to accomplish this. However, while such motion is pending in the court below, without a written judgment having been entered relative thereto, an appeal from the sentence is premature. *Kurtz v. State,* 115 Ga. App. 665 (155 SE2d 735); *Hayes v. State,* 116 Ga. App. 260, 261 (157 SE2d 30). As pointed out in *Hill v. General Rediscount Corp.,* 116 Ga. App. 459, 461 (157 SE2d 888), when a motion attacking a verdict or judgment is filed, disposition of it must be had

before the appeal is entered. Thus, the instant appeal being premature it must be

*Dismissed. Bell, P. J., and Hall, J., concur.*

SUBMITTED MAY 7, 1968—DECIDED JUNE 11, 1968.

*Olon E. Scott,* for appellant.
*W. B. Huff, Solicitor,* for appellee.