### 44403. DUNAGAN v. SIMS.

PANNELL, Judge. Plaintiff G. R. Dunagan brought an action against C. R. Sims in the Civil Court of Fulton County seeking recovery of damages because of the alleged deterioration of, and faulty installation of, an asphalt driveway. The petition was in two counts, one based upon negligence, and the other based upon breach of warranty. At the close of the evidence while counsel and the court were discussing charges, counsel for the plaintiff stated he did not desire a charge on

warranty as relating to a contract of sale, but did desire a charge on the warranties not relating to contracts of sale. The court inquired as to the sufficiency of the evidence to sustain Count 2 and whether counsel for the plaintiff had a request to charge on warranty. Counsel for plaintiff insisted there was sufficient evidence to authorize a charge on warranty and stated that he had no request to charge. Whereupon the court, on oral motion of the defendant, orally struck Count 2 of the petition and in his charge to the jury did not submit any issues under Count 2 to the jury. There was a verdict for the defendant and the plaintiff appeals, enumerating as error the overruling of his motion for new trial and also the action of the trial court in striking Count 2 of plaintiff's complaint before the case was submitted to the jury for its determination. *Held:*

1. "What the judge orally declares is no judgment until it has been put in writing and entered as such. In the absence of a judgment in writing no question for decision is presented to the appellate court. *Construction & Genl. Laborers Union v. Williams Const. Co.,* 212 Ga. 691 (95 SE2d 281); *Williams v. City of LaGrange,* 213 Ga. 241 (98 SE2d 617); *Mid-State &c. Corp. v. Wiggins,* 217 Ga. 372 (122 SE2d 106); *Seabolt v. Seabolt,* 220 Ga. 181 (137 SE2d 642)." *Olivet v. State,* 117 Ga. App. 860 (1) (162 SE2d 306). The origin of this rule is statements contained in cases where amendments were offered to pleadings after an oral announcement of a dismissal of the pleadings, which cases finally evolved into a rule of non-consideration of an assignment of error upon a judgment on the sufficiency of pleadings when the judgment had not been reduced to writing. See *Lytle v. DeVaughn,* 81 Ga. 226 (7 SE 281); *Freeman v. Brown,* 115 Ga. 23 (41 SE 385); *Cureton v. Cureton,* 120 Ga. 559, 566 (48 SE 162); *Alexander v. Chipstead,* 152 Ga. 851, 861 (111 SE 552); *Macon, Dublin &c. R. Co. v. Leslie,* 148 Ga. 524 (97 SE 438); *Swilley v. Hooker,* 126 Ga. 353 (2) (55 SE 31), all of which cases were rulings made upon motion to amend pleadings after an oral announcement of dismissal, and were cited in *Foy v. McCrary,* 157 Ga. 461 (1) (121 SE 804), in which it was held that an oral ruling dismissing a pleading on demurrer would not be considered. Some of these same cases are cited directly to sustain the ruling in *Williams v. City of LaGrange,* 213 Ga. 241, 242, supra, and *Foy v. McCrary,* 157 Ga. 461 (1), supra, to sustain

the ruling in *Construction & Genl. Laborers Union v. Williams Constr. Co.*, 212 Ga. 691, supra, cited as authority in *Seabolt v. Seabolt,* 220 Ga. 181, supra. Whether or not we agree with the rule so developed, we are bound by the decisions of the Supreme Court referred to above. We concede there must be an entry of judgment to finally dispose of the case or for the purpose of using the judgment to support an appeal to this court or the Supreme Court. *Olivet v. State,* 117 Ga. App. 860, supra; *Construction & Genl. Laborers Union v. Williams Constr. Co.*, 212 Ga. 691, supra; *Gibson v. Hodges,* 221 Ga. 779, 781 (2) (147 SE2d 329). But where, after the evidence closes, an oral motion to strike a count in a petition is made based primarily on lack of evidence to support it and this motion to strike is orally sustained and the case submitted to the jury as to the remaining count only, an enumeration of error on such striking should be considered by this court, otherwise the appellant is without a remedy to correct the error. Even should we concede that the rule is a correct one as applied to a ruling on the sufficiency of pleadings, the ruling here was not as to the sufficiency of the pleadings, but as to the sufficiency of evidence to sustain the pleadings. It seems to us that the enumeration of error should be considered and passed upon.

Section 58 (b) of the Civil Practice Act (Ga. L. 1966, pp. 609, 662; *Code Ann.* § 81A-158), even if applicable to a judgment other than a final judgment disposing of the entire case, does not prevent this result. This section provides that the filing with the clerk of a judgment signed by the judge constitutes the entry of such judgment and, unless the court otherwise directs, no judgment shall be effective for any purpose until the entry of same. When the trial judge orally announced his striking of the second count of the petition he otherwise gave direction and effectuated his oral announcement of the judgment by refusing to submit the second count to the jury. So the requirements of Section 58 of the Civil Practice Act, if applicable, were met.

2. There was sufficient evidence to authorize the submission to the jury of Count 2 of the petition. It follows, therefore, that the trial court erred in dismissing this count of the petition and in not submitting it to the jury, and erred in over-

ruling the motion for new trial complaining of this error.

*Judgment reversed. Felton, C. J., and Quillian, J., concur.*

SUBMITTED APRIL 7, 1969—DECIDED MAY 14, 1969—
REHEARING DENIED JUNE 5, 1969—

*Hurt, Hill & Richardson, James C. Hill, Bonneau Ansley,* for appellant.

*Harris, Rolader & Nevel, Robert B. Harris,* for appellee.