130 Ga. App. 420 (1973)
203 S.E.2d 608
G. M. J.
v.
STATE OF GEORGIA.
28024.
Court of Appeals of Georgia.
Argued April 2, 1973.
Decided November 21, 1973.
Rehearing Denied December 13, 1973.
Lucy S. Henritze, Charles E. Lamkin, for appellant.
Thomas M. Witcher, for appellee.
EBERHARDT, Presiding Judge.
If, as we conclude to be the case, this appeal was entered prematurely it must be dismissed. Code Ann. § 6-809 (b) (2). Where the appeal is premature this court lacks jurisdiction to entertain it. Black v. Miller, 113 Ga. App. 10 (147 SE2d 57).
Although there is no motion to dismiss before us, it is not only the right but the duty of this court to raise and determine the question of our jurisdiction where there can be any doubt as to it. Drury v. City of Woodbine, 96 Ga. App. 158 (99 SE2d 550), and citations. If we have no jurisdiction it can not be conferred by a waiver of the parties (DeLang v. Clare, 137 Ga. 291 (73 SE 374); Capers v. Ball, 211 Ga. 502, 503 (87 SE2d 85)), or even by their agreement. Zorn v. Lamar, 71 Ga. 80 (4); Bass v. Bass, 73 Ga. 134, 135; Baldwin v. Lowe, 129 Ga. 711 (4) (59 SE 772).
The notice of appeal was filed January 10, 1973, and it purports to be directed to an "order of the court dated December 11, 1972, denying the juvenile's motion to compel discovery" of any confession that he may have made as well as any admission or statement that may have been made by his codefendants.
There is no order of December 11, 1972 in the record as sent up to this court from the trial court. Apprehending that this was an omission due to oversight we sent down to the clerk of the trial court an order directing that the record be supplemented by sending a certified copy of the order of December 11, 1972 to the clerk of this court. Instead the clerk sent to this court a certified copy of an order as follows:
"The motion of the above named juvenile to compel discovery of any and all confessions, admissions, or statements made by said juvenile or his codefendant, came on for argument on December 11, 1973 [sic]; and arguments having been heard and considered, it was ordered and adjudged on December 11, 1973 [sic], that the said Motion to Compel Discovery was denied.
"Signed nunc pro tunc, this 4th day of October, 1973. Dennis F. Jones, Judge, Juvenile Court of DeKalb County."
The clerk of the trial court has, additionally, certified that the order of December 11, 1972 was not reduced to writing and filed in his office until October 4, 1973, when it was done by the nunc pro tunc order, and that the nunc pro tunc order was the only one to that effect filed with the clerk from December 11, 1972 *421 to November 1, 1973.
1. "The record does not contain a judgment in writing overruling the motion. In the absence of a judgment in writing no question for decision is presented to this court. Construction & General Laborers Union v. Williams Const. Co., 212 Ga. 691 (95 SE2d 281)." Seabolt v. Seabolt, 220 Ga. 181 (137 SE2d 642)."What the judge orally declares is no judgment until it has been put in writing and entered as such. In the absence of a judgment in writing no question for decision is presented to the appellate court. [cits.]" Olivet v. State, 117 Ga. App. 860 (1) (162 SE2d 306). Here there was no judgment in writing until October 4, 1973; hence none at the time the notice of appeal was filed.
2. "The filing with the clerk of a judgment, signed by the judge, constitutes the entry of such judgment, and, unless the court otherwise directs, no judgment shall be effective for any purpose until the entry of the same, as hereinbefore provided." (Emphasis supplied.) Code Ann. § 81A-158 (b). Even prior to the Civil Practice Act it was held with reference to interlocutory orders, that "A judgment is not final in the sense that it can not be withdrawn or changed by the trial judge until it has been entered." Blakely Hardwood Lbr. Co. v. Reynolds Bros. Lbr. Co., 173 Ga. 602 (2b) (160 SE 775).
"[T]he appeal must be filed after entry of judgment ... [and] the judgment can not be considered appealable until it is actually entered. That a judgment must be entered before an appeal is taken is a rule of reason which has long existed. [Citations]. The Appellate Practice Act, now of vogue, did not repeal but confirmed the rule." Gibson v. Hodges, 221 Ga. 779 (2) (147 SE2d 329). Accord: Benton v. Smith, 226 Ga. 722 (177 SE2d 230); Bonzheim v. Bonzheim, 227 Ga. 478 (181 SE2d 363).
"Whether or not we agree with the rule so developed, we are bound by the decisions of the Supreme Court... We concede there must be an entry of judgment to finally dispose of the case or for the purpose of using the judgment to support an appeal to this court or the Supreme Court." Dunagan v. Sims, 119 Ga. App. 765, 767 (168 SE2d 914).
It is true that the certificate of appealability granted December 21, 1972 recites that there was an order of December 11, 1972 denying the juvenile's motion to compel discovery of any and all confessions, admissions or statements made by the juvenile or his codefendants, but that is a mere recital as to the history of the matter; it is not, itself, the judgment or order denying the motion. *422 Davis v. Davis, 224 Ga. 740 (164 SE2d 816).
3. While a nunc pro tunc reducing of an oral judgment to writing may be done, it is nevertheless ineffective as a viable order or judgment until it has been reduced to writing and filed with the clerk. Not only is there no provision for a nunc pro tunc filing with the clerk, but the certified copy of the supplemental record sent up shows on its face that there was no attempt to do so. The written judgment was not filed with the clerk until October 4, 1973, and only then could it become effective. It could not validate an appeal from it entered January 10, 1973.
4. That the certificate of appealability is not itself a judgment in the cause, but is simply an order allowing a judgment or order already entered to be appealed and reviewed is made clear from the language of Code Ann. § 6-701 (a 2) itself: "Where the trial judge in rendering an order, decision or judgment not otherwise subject to direct appeal, certifies within 10 days of the entry thereof" that it is of such importance that it should be reviewed. See Gibson v. Hodges, 221 Ga. 779, 782, supra.
5. There can be no effective appeal from anything but a judgment  a final judgment without a certificate, or an interlocutory judgment with a certificate, reduced to writing and entered by filing with the clerk. Code Ann. § 6-701; Interstate Fire Ins. Co. v. Chattam, 222 Ga. 436 (150 SE2d 618); Williams v. Keebler, 222 Ga. 437 (150 SE2d 674); Davis v. Davis, 224 Ga. 740 (164 SE2d 816); Hurst v. Starr, 226 Ga. 42 (172 SE2d 604); Smith v. Sorrough, 226 Ga. 744 (177 SE2d 246); Herrington v. Herrington, 230 Ga. 94 (195 SE2d 654), and citations in Division 1.
At the time the notice of appeal was entered there was no judgment from which there could be an appeal, and the appeal must be dismissed.
Appeal dismissed. Bell, C. J., Hall, P. J., Pannell, Clark and Stolz, JJ., concur. Deen, Quillian and Evans, JJ., dissent.
DEEN, Judge, dissenting.
1. There has been no motion to dismiss this appeal, and I do not consider the record before us gives any scope to this court to dismiss on its own motion. As the Supreme Court stated in Southern Bell T. & T. Co. v. Ga. Pub. Serv. Comm., *423 203 Ga. 832, 872 (49 SE2d 38): "Since the jurisdiction of the court was not questioned in any manner provided by law, it can not be raised here unless the judgment on its face shows want of jurisdiction." The trial judge certified that the motion to compel discovery, a copy of which is in the record, came on for argument and that "arguments having been heard and considered, it was ordered and adjudged that said motion to compel discovery was denied." He further certified on December 21, 1972, that he did, on December 11, 1972, deny the juvenile's motion to compel discovery and that now "within 10 days thereof, I hereby certify that said order is of such importance that ... direct appeal to the Court of Appeals is proper and should be had." (Emphasis supplied.) These two orders, in both of which the trial judge assures us that he did in fact enter the order complained of and certify it for review within the time limited, has not been questioned by either litigant, and should not now be raised by this court at a grave risk of doing injustice to the parties involved.
2. The juvenile here involved had, at the time of the alleged car theft, burglary, and theft barely turned 16 years of age. The record fails to show when counsel was obtained for him, but the motion to compel the solicitor to turn over any incriminating statements or confessions made by him to officers of the law was filed several months after the petition to have him adjudged delinquent. From this we may assume (1) there is some basis for believing that the juvenile made a confession or near confession, and (2) counsel was not present when he did so. In the face of In re Gault, 387 U. S. 1, 35 (87 SC 1428, 18 LE2d 527), it is hard to imagine how such a document could be used in an adjudication hearing; it might, however, contain matter which, if unknown to counsel, could gravely prejudice the defense. It was there held that "due process requires that an infant have a right to counsel," but it is unthinkable to insist on the appointment of counsel for an indigent infant (as the record shows the defendant to be) and then deny to counsel all knowledge of what the state has been able to discover from the child in his absence. It is perfectly true that discovery does not apply to criminal proceedings, but we have reiterated countless times that a delinquency proceeding is not a criminal case. What do we mean by that, if we insist on using the technicalities of criminal procedure against the infant and thus give him "the worst of both worlds?" "The adjudication of delinquency is not to be treated as a conviction of a crime." Bearden v. State, 122 Ga. App. 25, 27 (176 SE2d 243)."No action taken against a child under the *424 provisions of this Chapter shall be denominated as a criminal action." Code Ann. § 24-2418."Proceedings thereunder are civil and not criminal." Hampton v. Stevenson, 210 Ga. 87 (78 SE2d 32). If treated as civil proceedings, as the code and both our appellate courts have held them to be, then the discovery provisions of our Code Ann. § 81A-137 apply. If treated as a criminal case, then surely, under Gault, the use by the state of a confession obtained from the child in the absence of counsel and the right to review which is refused to counsel is equally an abridgement of due process, and this whether the state introduces the confession in evidence or not. If knowledge of admissions by the child are denied to counsel, it is inconsistent to hold that (a) there is a right to counsel, and (b) an infant cannot, under some circumstances, even waive the presence of counsel and make a valid confession in his absence. This is all the more true when the act itself demands that the confessions of infants be subjected to the closest scrutiny and establishes that a confession of a child, although otherwise valid, "is insufficient to support an adjudication of delinquency unless it is corroborated in whole or in part by other evidence." Code Ann. § 24A-2002 (b). The provisions of the chapter are to be liberally construed to the end that the child be protected. Code Ann. § 24A-1801. To allow adjudications of delinquency to rest, directly or indirectly, on statements of children made out of the presence of counsel, is to use the juvenile act against, not with a purpose of protecting, the constitutional rights of the child. The provisions of Code Ann. § 24A-3501 which provide that files and records of juvenile courts are open to inspection only upon order of the court, is designed to protect the child, not to cut off his defenses. To say that this section gives the juvenile court judge the right to refuse to the child's counsel knowledge of confessions the child has made in his absence, and which are therefore presumptively inadmissible in evidence but which may nevertheless form the basis of the prosecution; which courts have constantly reiterated should be viewed with suspicion and scrutinized closely; which have been obtained frequently under duress or as a result of the ignorance and inexperience of the child; to allow the use of such material against the child without revealing its existence and nature to the child's legal counselor, is, in my opinion, contrary to the purpose for which this section was placed in the act, and therefore constitutes an abuse of the trial court's discretion.
As to the demand for the confessions of alleged codefendants, the refusal of this material may well be within the discretionary *425 judgment of the trial court. I do not consider it to be so with regard to prior statements of the defendant himself.
It might also be noted that although we are aware that the production of the confessions sought was specifically requested under Rule 34 (Code Ann. § 81A-134, Production of Documents in Civil Cases), counsel might also have required a subpoena for the production of the documentary evidence sought under Ga. L. 1966, p. 502 et seq. (Code Ann. § 38-801), which by the second section of the Act (Code Ann. § 38-802) is specifically made available in criminal cases. Thus, the argument that discovery is not available in criminal cases involving adults (if true as a blanket proposition, which we doubt) would not apply to material sought under subpoena, as the documents here might have been.
EVANS, Judge, dissenting. The notice of appeal in this case is dated January 10, 1973, and appeals from "The order of Court dated December 11, 1972 denying the juvenile's motion to compel discovery of any and all confessions, admissions or statements made by the said juvenile or his codefendants."
Judge Eberhardt very persuasively argues that there is no order in the record as is described by appellant from which to take an appeal, and same should be dismissed.
But there is in the record an order dated December 21, 1972, reciting at the outset as follows: "By order of Court dated December 11, 1972, the above named juvenile's motion to compel discovery of any and all confessions, admissions or statements made by the said juvenile or his codefendants, was denied ..." Thus, the order as described in the notice of appeal, and the actual order in the record, contain the same language, identically. But the order in the record is dated December 21, 1972, whereas it is described in the notice of appeal as the "order of the Court dated December 11, 1972."
It is quite obvious that the order in the record and the order described in the appeal are one and the same, albeit the date is different. But appellant's notice of appeal is timely, even if the correct date of the order is December 11, instead of December 21.
I do not believe a dismissal should result here.