Eberhardt, Presiding Judge.
If, as we conclude to be the case, this appeal was entered prematurely it must be dismissed. Code Ann. § 6-809 (b) (2). Where the appeal is premature this court lacks jurisdiction to entertain it. Black v. Miller, 113 Ga. App. 10 (147 SE2d 57).
Although there is no motion to dismiss before us, it is not only the right but the duty of this court to raise and determine the question of our jurisdiction where there can be any doubt as to it. Drury v. City of Woodbine, 96 Ga. App. 158 (99 SE2d 550), and citations. If we have no jurisdiction it can not be conferred by a waiver of the parties (DeLang v. Clare, 137 Ga. 291 (73 SE 374); Capers v. Ball, 211 Ga. 502, 503 (87 SE2d 85)), or even by their agreement. Zorn v. Lamar, 71 Ga. 80 (4); Bass v. Bass, 73 Ga. 134, 135; Baldwin v. Lowe, 129 Ga. 711 (4) (59 SE 772).
The notice of appeal was filed January 10, 1973, and it purports to be directed to an "order of the court dated December 11,1972, denying the juvenile’s motion to compel discovery” of any confession that he may have made as well as any admission or statement that may have been made by his codefendants.
There is no order of December 11, 1972 in the record as sent up to this court from the trial court. Apprehending that this was an omission due to oversight we sent down to the clerk of the trial court an order directing that the record be supplemented by sending a certified copy of the order of December 11,1972 to the clerk of this court. Instead the clerk sent to this court a certified copy of an order as follows:
"The motion of the above named juvenile to compel discovery of any and all confessions, admissions, or statements made by said juvenile or his codefendant, came on for argument on December 11,1973 [sic]; and arguments having been heard and considered, it was ordered and adjudged on December 11,1973 [sic], that the said Motion to Compel Discovery was denied.
"Signed nunc pro tunc, this 4th day of October, 1973. Dennis F. Jones, Judge, Juvenile Court of DeKalb County.”
The clerk of the trial court has, additionally, certified that the order of December 11, 1972 was not reduced to writing and filed in his office until October 4, 1973, when it was done by the nunc pro tunc order, and that the nunc pro tunc order was the only one to that effect filed with the clerk from December 11, 1972 *421 to November 1, 1973.
1. 'The record does not contain a judgment in writing overruling the motion. In the absence of a judgment in writing no question for decision is presented to this court. Construction & General Laborers Union v. Williams Const. Co., 212 Ga. 691 (95 SE2d 281).” Seabolt v. Seabolt, 220 Ga. 181 (137 SE2d 642). "What the judge orally declares is no judgment until it has been put in writing and entered as such. In the absence of a judgment in writing no question for decision is presented to the appellate court, [cits.]” Olivet v. State, 117 Ga. App. 860 (1) (162 SE2d 306). Here there was no judgment in writing until October 4, 1973; hence none at the time the notice of appeal was filed.
2. "The filing with the clerk of a judgment, signed by the judge, constitutes the entry of such judgment, and, unless the court otherwise directs, no judgment shall be effective for any purpose until the entry of the same, as hereinbefore provided.” (Emphasis supplied.) Code Ann. § 81A-158 (b). Even prior to the Civil Practice Act it was held with reference to interlocutory orders, that "A judgment is not final in the sense that it can not be withdrawn or changed by the trial judge until it has been entered.” Blakely Hardwood Lbr. Co. v. Reynolds Bros. Lbr. Co., 173 Ga. 602 (2b) (160 SE 775).
"[T]he appeal must be filed after entry of judgment . . . [and] the judgment can not be considered appealable until it is actually entered. That a judgment must be entered before an appeal is taken is a rule of reason which has long existed. [Citations]. The Appellate Practice Act, now of vogue, did not repeal but confirmed the rule.” Gibson v. Hodges, 221 Ga. 779 (2) (147 SE2d 329). Accord: Benton v. Smith, 226 Ga. 722 (177 SE2d 230); Bonzheim v. Bonzheim, 227 Ga. 478 (181 SE2d 363).
"Whether or not we agree with the rule so developed, we are bound by the decisions of the Supreme Court... We concede there must be an entry of judgment to finally dispose of the case or for the purpose of using the judgment to support an appeal to this court or the Supreme Court.” Dunagan v. Sims, 119 Ga. App. 765, 767 (168 SE2d 914).
It is true that the certificate of appealability granted December 21, 1972 recites that there was an order of December 11, 1972 denying the juvenile’s motion to compel discovery of any and all confessions, admissions or statements made by the juvenile or his codefendants, but that is a mere recital as to the history of the matter; it is not, itself, the judgment or order denying the motion. *422 Davis v. Davis, 224 Ga. 740 (164 SE2d 816).
Argued April 2, 1973
Decided November 21, 1973
Rehearing denied December 13, 1973.
Lucy S. Henritze, Charles E. Lamkin, for appellant.
Thomas M. Witcher, for appellee.
3. While a nunc pro tunc reducing of an oral judgment to writing may be done, it is nevertheless ineffective as a viable order or judgment until it has been reduced to writing and filed with the clerk. Not only is there no provision for a nunc pro tunc filing with the clerk, but the certified copy of the supplemental record sent up shows on its face that there was no attempt to do so. The written judgment was not filed with the clerk until October 4, 1973, and only then could it become effective. It could not validate an appeal from it entered January 10, 1973.
4. That the certificate of ■ appealability is not itself a judgment in the cause, but is simply an order allowing a judgment or order already entered to be appealed and reviewed is made clear from the language of Code Ann. § 6-701 (a 2) itself: "Where the trial judge in rendering an order, decision or judgment not otherwise subject to direct appeal, certifies within 10 days of the entry thereof” that it is of such importance that it should be reviewed. See Gibson v. Hodges, 221 Ga. 779, 782, supra.
5. There can be no effective appeal from anything but a judgment — a final judgment without a certificate, or an interlocutory judgment with a certificate, reduced to writing and entered by filing with the clerk. Code Ann. § 6-701; Interstate Fire Ins. Co. v. Chattam, 222 Ga. 436 (150 SE2d 618); Williams v. Keebler, 222 Ga. 437 (150 SE2d 674); Davis v. Davis, 224 Ga. 740 (164 SE2d 816); Hurst v. Starr, 226 Ga. 42 (172 SE2d 604); Smith v. Sorrough, 226 Ga. 744 (177 SE2d 246); Herrington v. Herrington, 230 Ga. 94 (195 SE2d 654), and citations in Division 1.
At the time the notice of appeal was entered there was no judgment from which there could be an appeal, and the appeal must be dismissed.

Appeal dismissed.

Bell, C. J., Hall, P. J., Pannell, Clark and Stolz, JJ., concur. Deen, Quillian and Evans, JJ., dissent.